No. 99-20601
-1-

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-20601
Summary Calendar
_____

OSCAR L. SHAW,

                                        Plaintiff-Appellant,

versus

FERNANDO E. FIGUEROA; LINDBERG ARNOLD, JR.;
CRAIG B. PRICE; JESSE FRANKLIN; CANDY L.
COLLINS; KIRBY G. POWLEDGE; DAVID LE,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-98-CV-1958
--------------------
February 28, 2000

Before DAVIS, EMILIO M. GARZA and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Oscar L. Shaw appeals the district court's dismissal of his

42 U.S.C. § 1983 civil rights action as frivolous pursuant to 28

U.S.C. § 1915(e)(2)(B)(i).  He argues that the district court

abused its discretion in dismissing as frivolous his claim that

he was denied adequate medical care for injuries caused by the

defendants' use of pepper spray near his cell and by an

electronic cell door closing on his upper right side.  Because

the record indicates that Shaw received medical treatment after

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

his exposure to pepper spray and he acknowledges in his complaint that he received medical treatment for his injuries caused by the electronic cell door, he has not shown that the district court abused its discretion in dismissing this claim as frivolous pursuant to § 1915(e)(2)(B)(i).  See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

Shaw argued for the first time on appeal that he was denied adequate medical care for his glaucoma.  Shaw may not raise these factual issues for the first time on appeal.  See Diaz v. Collins, 114 F.3d 69, 71 (5th Cir. 1997)(holding that unless an issue raised for the first time on appeal involves a purely legal question and the failure to consider it would result in manifest injustice, it is not reviewable by this court); Williams v. Cigna Fin. Advisors, Inc., 56 F.3d 656, 661 (5th Cir. 1995)(refusing to consider factual issue raised for the first time on appeal).  However, according to Shaw's own statements and Dr. Largent's statements at the Spears[**] hearing, Shaw has received extensive treatment for his glaucoma, including at least two surgeries, regular examinations from 1996 to 1999, and three prescriptions eye drops for his glaucoma.

Shaw also argues that the defendant, Candy Collins, deliberately closed the electronic door on him.  Shaw's allegations indicate that Collins acted negligently in failing to wait until the other guard told him that the doorway was clear before closing the cell door.  Such negligence does not state a claim for a constitutional violation which is cognizable under

---

[**] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

§ 1983. <u>Leffall v. Dallas Independent School Dist.</u>, 28 F.3d 521, 525 (5th Cir. 1994); <u>Salas v. Carpenter</u>, 980 F.2d 299, 306-07 (5th Cir. 1992)(allegations of negligent conduct do not implicate the Constitution).

Shaw alleges that the other defendants knew or should have known that the electronic doors posed a danger to handicapped inmates based on his grievances but failed to correct the problem. Shaw's grievance stated generally that handicapped inmates are not given enough time to go through the electronic doors, but did not state that he or any other inmates were caught or injured by electronic cell doors. Because Shaw's grievance did not expressly put the other defendants on notice of a specific safety hazard, Shaw has not shown that they were aware of a safety risk but failed to take reasonable measures to abate it. <u>See</u> <u>Farmer v. Brennan</u>, 511 U.S. 825, 847 (1994).

Shaw argues that the district court abused its discretion in dismissing as frivolous his claim that the defendants failed to protect him from attacks by other inmates. Shaw acknowledged that he had not previously had any trouble with the inmates who attacked him. He does not allege that he had been threatened, that he had any prior warning of the attacks, or that he advised the defendants that he was in danger of attack from a specific individual prior to these attacks. Shaw did not show that the defendants had actual knowledge that Shaw faced a substantial risk of serious harm from a particular inmate and that the defendants failed to take reasonable measures to protect him from

that risk.  See <u>Neals v. Norwood</u>, 59 F.3d 530, 533 (5th Cir. 1995); <u>Jacquez v. Procunier</u>, 801 F.2d 789, 792 (5th Cir. 1986).

Shaw argues that the district court erred in dismissing his action without allowing him to amend his complaint to raise a claim that the defendants violated the Americans with Disabilities Act (ADA).  Shaw had the right to amend his complaint once before the service of a responsive pleading.  <u>See</u> Fed. R. Civ. P. 15(a).  The district court abused its discretion in denying Shaw's motion to amend his complaint.  <u>See</u> <u>Aquilar v. Texas Dep't of Criminal Justice</u>, 160 F.3d 1052, 1053 (5th Cir. 1998), <u>cert. denied</u>, 120 S. Ct. 130 (1999).  The district court's judgment is VACATED in part, and the case should be REMANDED to allow Shaw to amend his complaint.

For the first time on appeal, Shaw argues that the defendants failed to provide him with adequate housing in violation of the ADA and that the defendants' deliberate use of pepper spray constituted cruel and unusual punishment.  Shaw may not raise these factual issues for the first time on appeal.  <u>See</u> <u>Diaz</u>, 114 F.3d at 71; <u>Williams</u>, 56 F.3d at 661.

Shaw's appeal does not present exceptional circumstances requiring appointment of counsel.  <u>See</u> <u>Cooper v. Sheriff, Lubbock County, Tex.</u>, 929 F.2d 1078, 1084 (5th Cir. 1991).  Therefore, Shaw's motion for appointment of counsel is DENIED.

AFFIRMED IN PART; VACATED AND REMANDED IN PART; MOTION FOR APPOINTMENT OF COUNSEL DENIED.