IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40720
Conference Calendar
_____

KENNETH JOSEPH BAUER,

                                        Plaintiff-Appellant,

versus

GEORGE W. BUSH, Governor, State of Texas; WAYNE SCOTT,
Director, Texas Department of Criminal Justice; MICHAEL BELL,
Warden, Bradshaw State Jail; TERRI HAGANS, Texas Department
of Criminal Justice -- Institutional Division Coordinator,
Bradshaw State Jail,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:00-CV-216
--------------------
October 17, 2000

Before SMITH, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

        Kenneth Joseph Bauer, Bradshaw State Jail Facility

("Bradshaw") prisoner #843305, appeals from the dismissal of his

civil-rights action as frivolous, pursuant to 28 U.S.C.

§ 1915A(b)(1).  Bauer, who purports to represent a class of

prisoners, contends that the shortage of guards and overcrowding

in Texas prisons violate the Eighth Amendment.  He contends that

regulations requiring a specific guard/prisoner ratio are not

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

being followed; alleges that a large number of new prisoners had been sent to Bradshaw; and alleges that Bradshaw's law library is inadequate.

Bauer was not certified as a class representative. He lacks standing to raise the rights of other prisoners. *See Hang On, Inc. v. City of Arlington*, 65 F.3d 1248, 1251-52 (5th Cir. 1995).

Bauer argues no facts suggesting that the shortage of guards or other general conditions of his incarceration posed a substantial risk of serious harm to him or that any of the named defendants knew about any such hazardous conditions and acted indifferently toward them. Regarding a knife that was missing from a jail kitchen, Bauer's allegations indicated that jail officials took action in response to the situation, though perhaps not as promptly as Bauer would have liked. Bauer has failed to show deliberate indifference regarding the missing knife. *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995).

Bauer raises his contentions regarding the regulations governing the guard/prisoner ratio, the addition of new prisoners, and overcrowding generally for the first time on appeal. To the extent he may seek to contend that he is being deprived of access to the courts due to an inadequate law library, he raises that claim too for the first time on appeal. We do not review claims not raised in the district court. *Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999), *cert. denied*, 120 S. Ct. 982 (2000).

Bauer's appeal is without arguable merit and is dismissed as frivolous. *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983).

The district court's dismissal of the current case and this court's dismissal of the appeal count as two "strikes" against Bauer for purposes of 28 U.S.C. § 1915(g). *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). We warn Bauer that once he attains three-strike status, he may not proceed in forma pauperis (IFP) in any civil action or appeal unless he "is under imminent danger of serious physical injury." § 1915(g).

APPEAL DISMISSED. 5TH CIR. R. 42.2.