IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-30758
Summary Calendar
_____

ANTHONY RAINES,

Plaintiff-Appellant,

versus

BARON KAYLO; RABAYLA, Warden; UNKNOWN OFFICER,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
(01-CV-458)
--------------------
October 15, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Anthony Raines, Louisiana prisoner #350255, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i), as frivolous. Raines contends that the district court erred in refusing to appoint counsel to represent him in this suit. He also asserts that the district court improperly dismissed his claims against prison officials for violating the Eighth Amendment by failing to protect him from injuries incurred during an attack by another inmate.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

As Raines's 42 U.S.C. § 1983 complaint did not involve any exceptional circumstances, and as the documents filed by Raines indicate that he was able to present his claims to the court adequately and intelligently, the district court was not compelled to appoint counsel for Raines. See Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982).

Not every injury "by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Raines has not shown that he was "incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995). Accordingly, the district court was within its discretion in dismissing Raines's Eighth Amendment failure-to-protect claims as frivolous. Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997).

The district court's dismissal of Raines's complaint as frivolous counts as a "strike" for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 385 (5th Cir. 1996). Raines is warned that if he accumulates three "strikes," he will no longer be allowed to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

AFFIRMED.  SANCTIONS WARNING ISSUED.

2