IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-30059
Conference Calendar

_____


NAPOLEON DAY,

                                        Plaintiff-Appellant,

versus

C.M. LENSING; UNKNOWN MCNEIL;
UNKNOWN TEAR; FRANK JOHNSON,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 01-CV-669
--------------------
August 20, 2002

Before HIGGINBOTHAM, DAVIS, and PARKER, Circuit Judges.

PER CURIAM:[*]

     Louisiana prisoner Napoleon Day (#326049) appeals the

district court's dismissal of his 42 U.S.C. § 1983 complaint

wherein he sued several prison officials after he was disciplined

for failing to cooperate in their investigation of the escape of

another inmate.  Day argued that although he told the officials

that he did not "see or know anything," he was placed in

administrative segregation and had his trustee status revoked.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Although he paid the filing fee in the district court, Day was granted leave to proceed in forma pauperis (IFP) on appeal.

The district court dismissed Day's complaint under 42 U.S.C. § 1997e(c)(1), which states in relevant part:

> The court shall on its own motion or on the motion of any party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

We review a dismissal under 42 U.S.C. § 1997e(c) de novo. See Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998).

A prisoner's liberty interest is "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995)(citations omitted). The Due Process Clause does not protect every change in the conditions of confinement which has a substantial adverse effect upon a prisoner. See Madison v. Parker, 104 F.3d 765, 767-68 (5th Cir. 1997)(citing Sandin, 515 U.S. at 483-84). Cell restrictions do not implicate due-process concerns. Id. Nor does Day have a protected liberty interest in his custodial classification. See Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995).

Day's appeal is without arguable merit and is therefore DISMISSED as frivolous. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2. The dismissal of the complaint as frivolous, and the dismissal of this appeal each count as a "strike" under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Day is WARNED that if he accumulates three strikes pursuant to 28 U.S.C. § 1915(g), he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. Id.

APPEAL DISMISSED; SANCTION WARNING ISSUED.