United States Court of Appeals,

Fifth Circuit.

No. 95-10209

Summary Calendar.

Ricky NEALS, Plaintiff-Appellant,

v.

Tommy NORWOOD, William L. Stephens, and Ronald Drewry, et al.,
Defendants-Appellees.

July 28, 1995.

Appeal from the United States District Court For the Northern
District of Texas.

Before SMITH, EMILIO M. GARZA and PARKER, Circuit Judges.

ROBERT M. PARKER, Circuit Judge:

Proceeding *pro se* and *in forma pauperis* (IFP), Appellant Ricky
Neals, (Neals) an inmate in the Texas Department of Criminal
Justice—Institutional Division (TDCJ) filed three complaints
pursuant to 42 U.S.C. § 1983, alleging that various prison
personnel violated his constitutional rights. Because all of the
complaints related to the same facts, they were consolidated by the
district court. The consolidated case was dismissed pursuant to 28
U.S.C. § 1915(d) based on a finding that Neals's claims were
factually and legally frivolous. We affirm.

FACTS

On September 23, 1993, Neals was assaulted and threatened by
members of a prison gang, who demanded payment and sexual favors in
return for protecting Neals from future harm. Neals brought the
threats to the attention of prison officials, including his two

1

case managers, a guard, and a prison classification committee in order to gain protection from future attacks by those inmates. Based on Neals's refusal to be placed in Building Eight of the Robertson Unit where the assault occurred, he was housed in solitary confinement and in a type of confinement referred to as "transit," for about six months, after which he was transferred off the unit entirely. In September 1993, as part of a disciplinary hearing held because of his refusal to be placed in Building Eight, Neals listed the names of two men in that building who had threatened him. Witness statements supported this claim. Those two inmates were transferred out of Building Eight on September 24, 1994.

In response to Neals's complaints regarding classification, the Robertson Unit Classification Committee reviewed the information supplied by Neals on four separate occasions between the date of the assault and his eventual transfer off the unit. At each hearing, Neals was offered the opportunity to name names or give other evidence as to the danger he feared, and in each case, the committee denied his reclassification or transfer due to insufficient evidence to support his claim. Neals also filed 33 grievances during the same time frame, but again prison officials found that he had failed to provide enough information to support his claim of danger.

PROCEDURAL HISTORY

Neals filed three complaints pursuant to 42 U.S.C. § 1983, alleging that he told his two case managers, a guard, and the

2

members of a prison classification committee about the September attack and threats, in order to gain protection from future attacks by those inmates. He stated that he sought to be placed in either protective custody or "safe keeping," or be reclassified out of the general prison population so that he would not be assigned to Building Eight. He argued that the defendants were "deliberately indifferent to [his request for] protective custody, safe keeping or transfer," and that the prison officials "negligently jeopardize[d] the safety of Plaintiff" by not removing him from the general prison population. Because each time he refused placement in Building Eight he was subjected to disciplinary actions, Neals also requested that those be removed from his prison record.

After the three cases were consolidated, the matter was transferred to a magistrate judge pursuant to Neals's written consent. The magistrate judge conducted an evidentiary hearing pursuant to *Spears v. McCotter,* 766 F.2d 179 (5th Cir.1985) to clarify the substance of Neals's claim. The magistrate judge concluded that, at most, Neals had alleged negligence on the part of defendants. Because negligence will not support Neals's claims under § 1983, the magistrate judge dismissed the consolidated action as frivolous.

## DISCUSSION

A. Consent to proceed before the magistrate judge.

On August 25, 1994, Neals signed a consent to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c). Under § 636(c), a magistrate judge may conduct any or all proceedings in a civil

3

matter and order the entry of judgment in the case when, one, the parties have consented and two, the district court has specially designated the magistrate judge to exercise such jurisdiction.

When a magistrate judge enters judgment pursuant to this statute, absence of the appropriate consent and reference or special designation order results in a lack of jurisdiction (or at least fundamental error that may be complained of for the first time of appeal). *Mendes Jr. Int'l Co. v. M/V Sokai Maru,* 978 F.2d 920, 924 (5th Cir.1992). The record does not contain a consent from the defendants. However, because they had not been served, they were not parties to this action at the time the magistrate entered judgment. Therefore, lack of written consent from the defendants did not deprive the magistrate judge of jurisdiction in this matter.

B. Frivolousness

District courts have broad discretion in determining whether a complaint filed IFP is frivolous so as to warrant dismissal. *Mendoza v. Lynaugh,* 989 F.2d 191 (5th Cir.1993).

Neals argues that prison officials wrongly denied his requests to be reclassified for protective custody, safekeeping status, or for a unit transfer, all in disregard of his safety. To establish a failure-to-protect claim under § 1983, Neals must show that he is incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection. *Farmer v. Brennan,* --- U.S. ----, ----, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994). In

4

order to act with deliberate indifference, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at ----, 114 S.Ct. at 1979.

> Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, ... and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Id.* at ----, 114 S.Ct. at 1981.

Under *Wilson v. Budney,* 976 F.2d 957 (5th Cir.1992), a prison inmate does not have a protectable liberty or property interest in his custodial classification and an inmate's disagreement with a classification is insufficient to establish a constitutional violation.

The court's determination that Neals's allegations amounted to a claim of negligence, and therefore did not raise a non-frivolous constitutional claim was not an abuse of discretion. We AFFIRM the dismissal of Neals's action pursuant to 28 U.S.C. § 1915(d).

5