UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-41288
_____


DAVID CROSS,

Plaintiff-Appellee,

versus

JAMES A. COLLINS, etc., et al.,

Defendants,

TOMMY CROW; THOMAS, Major; R. LOTT, Officer; R. JORDAN, Officer;
CRAIG PLAYER, Lieutenant,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Southern District of Texas
(G-94-CV-174)
_____

April 2, 1999

Before HIGGINBOTHAM, JONES, and WIENER, Circuit Judges.

PER CURIAM:[*]

Warden Crow, Major Thomas, Lt. Player, and Officers Lott
and Jordan appeal the magistrate judge's denial of their motion for
summary judgment on the basis of qualified immunity from David
Cross's claim of a violation of the Eighth Amendment for failure to
protect him from an assault by other inmates which occurred on

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

April 17, 1993.  Because the record contradicts the magistrate judge's finding that genuine, material fact issues exist concerning these officials' knowledge of the risk posed to Cross, we reverse.[1]

To establish a failure-to-protect claim, an inmate must show that he was "incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection."  Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995).  "In order to act with deliberate indifference, 'the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'"  Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)).  A prison official acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  Farmer, 511 U.S. at 847.  The relevant question in this case, which we particularly explored at oral argument as well as with a close review of the record, is the amount of knowledge, if any, that the prison officials had concerning a substantial risk of serious harm to Cross.[2]

Cross was incarcerated in TDCJ-ID in March 1993 for robbery and met with an inmate classification committee, including

---

[1]Cross, properly, does not contest our appellate jurisdiction to determine whether, as a matter of law, appellants were entitled to summary judgment on qualified immunity.  Behrens v. Pelletier, 516 U.S. 299, 313 (1996); Colston v. Barnhart, 130 F.3d 96, 98 (5th Cir. 1997).

[2]The magistrate judge correctly ruled that Cross has no constitutional entitlement to a particular custody classification, and Cross has not appealed that ruling.

Warden Crow, on April 9. Despite his record of prior convictions, including one for murder, the Committee placed him in medium custody, a less restrictive classification than had initially been recommended.

On April 13, Cross sent an I-60 form to Ms. Fulton and to Warden Price, neither of whom are appellants, stating that he was scared of medium custody, was homosexual, and wanted to be placed in a "protection/homosexual tank." There is no other evidence that Cross informed any prison officials or that the inmates knew he was homosexual. On April 17, Cross was assaulted by inmates chanting anti-white phrases. After being treated for the injuries, he asked and was immediately transferred to a protected environment and then to another prison unit.

No admissible evidence exists of Warden Crow's knowledge of a substantial risk of harm to Cross. Warden Crow's affidavit, submitted in support of the defendants' motion for summary judgment, asserted that he was not "aware of any known danger" to Cross. His only involvement was that he sat on the Classification Committee which recommended that Cross be placed in medium custody. Cross confirmed in his deposition that his only conversation with Crow occurred at the classification hearing. Cross failed to produce any facts in response to the summary judgment motion which demonstrate that Warden Crow received the I-60, was otherwise informed of Cross's concern that he might be attacked because he was homosexual, or was aware of any other "facts from which the inference could be drawn that a substantial risk of serious harm"

3

to Cross existed.  See Farmer, 511 U.S. at 837.  Despite the magistrate judge's finding that Cross's allegations created an issue of material fact that precluded summary judgment, the summary judgment record reveals no such factual dispute in relation to Warden Crow's knowledge.

Cross's deposition testimony also confirmed that he had no conversations with Thomas, Lott, Jordan, or Player before the April 17 incident regarding any threats that he had received. While Cross asserted in his affidavit that two guards were not at their posts during the assault and that Major Thomas was in charge at the time and asked Cross after the incident where the tank bosses were, his affidavit does not mention Player, Lott, or Jordan by name.  As with Warden Crow, Cross failed to produce any facts in response to the summary judgment motion which demonstrate that Thomas, Player, Lott, or Jordan were aware of "facts from which the inference could be drawn that a substantial risk of serious harm" to Cross existed.  Farmer, 511 U.S. at 837.

According to the record, the only persons Cross put on notice of any concern he had for his safety in medium custody were Warden Price and Ms. Fulton.  Warden Price was dismissed without objection from Cross, and Cross did not name Ms. Fulton as a defendant.  Any knowledge of a risk of harm by Price and Fulton is not attributable to the other defendants.

Because Cross failed to meet his burden of producing adequate summary judgment evidence, the judgment of the magistrate

4

judge is REVERSED and judgment is RENDERED granting the motion for summary judgment.

**REVERSED** and **RENDERED.**