IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-11008
Conference Calendar

_____


KENNETH McGREGOR,

                                        Plaintiff-Appellant,

versus

WHITE, Warden; REAGEN, Assistant Warden; CHANCE,
Major; D. POLLOCK, Captain; CAPTAIN SAVERS; MRS.
JOHNSON, Chief of Classification; J. RODRIGUEZ,
Correctional Officer III; STILES, Correctional
Officer III,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:96-CV-153
--------------------

August 24, 1999

Before KING, Chief Judge, and DAVIS and SMITH, Circuit Judges.

PER CURIAM:[*]

    Kenneth McGregor (# 564450), a state prisoner, has appealed
the magistrate judge's order granting the defendants' motion for
judgment as a matter of law.  The standard of review is de novo.
Allen v. Pennsylvania Engineering Corp., 102 F.3d 194, 196 (5th
Cir. 1996).

    Prison officials have a duty under the Eighth Amendment to
protect inmates "from violence at the hands of other prisoners."

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Farmer v. Brennan, 511 U.S. 825, 833 (1994) (citation and internal quotation omitted). To establish a failure-to-protect claim, an inmate must show that he was "incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995). "In order to act with deliberate indifference, 'the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" Id. (quoting Farmer, 511 U.S. at 837).

McGregor was involved in a fight with another inmate, Dwight Olige. The magistrate judge held that the defendants were entitled to judgment because McGregor had failed to present any evidence showing that the defendants knew or had reason to know that Olige was violent. McGregor argues that Olige's records will establish his violent tendencies and that the defendant had failed to rebut his allegations. McGregor bore the burden of proof. McGregor has failed to provide the court with a transcript of the trial and Olige's disciplinary records are not in the record on appeal. McGregor has failed to show that the magistrate judge erred in granting the motion for judgment as a matter of law.

Because the appeal is frivolous, it is DISMISSED. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5th Cir. R. 42.2. We note that McGregor has now accumulated at least two strikes for purposes of 28 U.S.C. § 1915(g). We caution McGregor

that once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  <u>See</u> 28 U.S.C. § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS.