IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-30302
Summary Calendar
_____


DAVID DREW CLIFFORD,

Plaintiff-Appellant,

versus

RON GIBBS, U.S. Marshals Service,
in his official & private capacity,;
JACK STRAIN, in his official & private
capacity; T. GOODE, U.S. Marshal; R. COURET,
U.S. Marshal; WARDEN LONGINO; UNIDENTIFIED
PARTIES; TED BRUCTOWICA, Coroner,
St. Tammany Parish; GREGORY SMITH;
LUIS F. MATTA, Dr.,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 98-CV-1227-S
- - - - - - - - - -

December 10, 1999

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

David Drew Clifford, federal prisoner # 18116-034, appeals
the district court's denial of his request for leave to proceed
in forma pauperis (IFP) on appeal in accordance with Baugh v.
Taylor, 117 F.3d 197, 202 (5th Cir. 1997). Clifford's request

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

for the appointment of appellate counsel is DENIED AS UNNECESSARY.

The district court did not abuse its discretion in dismissing as frivolous Clifford's denial of adequate medical care claim. Norton v. Dimazana, 122 F.3d 286, 291 (5th Cir. 1997). Regarding Clifford's failure-to-protect claim, the federal defendants (Gibbs, Goode, and Couret) may not be held liable under 18 U.S.C. § 4042 for the acts or omissions of the St. Tammany Parish Jail employees. Logue v. United States, 412 U.S. 521, 528-30, 532 (1973).

The district court's dismissal as frivolous of Clifford's failure-to-protect claim against the state defendants, however, was premature and thus an abuse of discretion. To establish a failure-to-protect claim, an inmate must show that he was "incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995).

When the jail officials simultaneously released Clifford and fellow inmate James Brown from lockdown for the second time, the two inmates had been in three fights, Brown had attacked Clifford immediately upon their release from lockdown the first time, and Clifford had allegedly informed Deputy Mayo that he was afraid of more trouble. No measures were allegedly taken to abate the risk that Brown would again attack Clifford upon their second simultaneous release from lockdown. Accepting Clifford's pleaded facts as true, his complaint has an arguable basis in both law

and fact for both elements of an Eighth Amendment claim.  <u>Neals</u>, 59 F.3d at 533.

Clifford's motion for IFP is therefore GRANTED.  The district court's dismissal of Clifford's denial-of adequate-medical-care claim and Clifford's failure-to-protect claim as it relates to the federal defendants is AFFIRMED.  The district court's dismissal of Clifford's failure-to-protect claim as it relates to the state defendants is vacated and remanded for further factual development.

MOTION FOR IFP GRANTED; AFFIRMED IN PART; VACATED AND REMANDED IN PART; MOTION FOR APPOINTMENT OF COUNSEL DENIED AS UNNECESSARY.