IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-10731
Summary Calendar

_____

RAYMOND VELA RANGEL,

Plaintiff-Appellant,

versus

CRAIG RAINES; TEXAS DEPARTMENT
OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,
STATE CLASSIFICATION COMMITTEE,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:98-CV-72-BG
--------------------
April 27, 2000

Before JONES, DUHÉ, and STEWART, Circuit Judges.

PER CURIAM:[1]

Raymond Vela Rangel, Texas prisoner # 711230, appeals the district court's grant of defendant Craig Raines' motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a). Rangel alleged that Raines knew that Rangel had been attacked previously by fellow inmates and was deliberately indifferent to his safety and, as a result, Rangel was attacked in the shower area of his unit by a fellow inmate on June 12, 1996. At the time of the attack, Rangel was on close custody status and

_____

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the unit was on institutional lockdown.  Rangel testified that despite the lockdown status, the cell doors on his unit were opened and he was attacked when he and his cellmate entered the shower area.

We review a district court's grant of a Rule 50(a) motion for judgment as a matter of law de novo, using the same standard applied in the district court.  RTC v. Cramer, 6 F.3d 1102, 1109 (5th Cir. 1993).  We have considered the evidence and all reasonable inferences therefrom in the light most favorable to Rangel, the party opposing the motion, and find that  reasonable jurors could not have arrived at a contrary verdict.  Id.  As the district court found, the most that could be inferred from Rangel's evidence was that the cell doors were open due to negligence, and Raines did not act unreasonably in relying on the security measures for close custody and institutional lockdown to keep Rangel safe.  See Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995); Farmer v. Brennan, 511 U.S. 825, 847 (1994).  The district court's judgment is AFFIRMED.

Rangel argues that the district court abused its discretion by denying his motions for the appointment of trial counsel.  We find no abuse of discretion in the denial of Rangel's motion for trial counsel.  Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982).

AFFIRMED.