IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-30552
Summary Calendar

_____

ABDULLAH HAKIM EL-MUMIT,

Plaintiff-Appellant,

versus

MIKE FOSTER, Governor; RICHARD L.
STALDER; N. BURL CAIN; RONALD JETT;
DAVID KELONE; D. BORDALON, Major;
UNKNOWN Sergeant; M. CARTER, Sergeant,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 99-CV-971-C
--------------------
August 21, 2000

Before HIGGINBOTHAM, BARKSDALE and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Abdullah Hakim El-Mumit, Louisiana prisoner # 109229, appeals the district court's dismissal as frivolous and/or for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B), of his 42 U.S.C. § 1983 civil rights complaint, arising out of a February 1999 incident in which he was stabbed numerous times by a fellow death-row inmate. He does not challenge the district court's dismissal of his claims regarding his subsequent inability to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

attend the Death Row Seminar or the discovery of a gun outside of the death-row housing unit, and those claims are deemed abandoned. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); Fed. R. App. P. 28(a).

El-Mumit's claim that the appellees' failure to protect him from assault violated Louisiana law, specifically La. R.S. 15:568, raised for the first time on appeal, will not be addressed. See Shanks v. AlliedSignal, Inc., 169 F.3d 988, 993 n.6 (5th Cir. 1999); Burch v. Coca-Cola, 119 F.3d 305, 319 (5th Cir. 1997).

El-Mumit argues that the district court erred in dismissing his deliberate-indifference claim. El-Mumit asserted that the appellants knew or should have known of the risk of attack because the risk was obvious, given that there had been numerous attacks and one other stabbing in the death-row housing unit in the six-month period preceding the attack on him. He further asserted that the defendants had failed to take reasonable precautions to abate the risk by allowing violent death-row inmates out of their cells in only partial restraints around other inmates and by failing to discover or control contraband in the death-row housing unit.

El-Mumit was not required to allege that the defendants had specific knowledge that he was especially likely to be assaulted by his assailant, nor was he required to assert that the defendants knew that his assailant presented a specific risk to other inmates. See Farmer v. Brennan, 511 U.S. 825, 843 (1994). However, if the facts as alleged by El-Mumit defeat any potential claim of deliberate indifference, El-Mumit is entitled to no relief.

A prison official acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994). If the inmate establishes no more than a claim of negligence, his claim fails. See Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995).

Here, El-Mumit admits in his complaint that the prison separated the death-row inmates from other inmates, performed two "shake-downs" per shift in an effort to locate home-made weapons and other contraband, and that death-row inmates were not allowed outside of their cells in at least partial-restraints.

Clearly, such policies fail to find all hidden weapons and tools on death-row, such as the knife used to stab El-Mumit or the handcuff key which enabled his attacker to remove his partial-restraints. Further, the fact that all of the death-row inmates are kept in restraints when they leave their cell necessarily means that they will be defenseless to some degree if another inmate escapes his restraints and attacks.

Nevertheless, El-Mumit's very complaint indicates that, as a matter of law, the prison was not deliberately indifferent to his plight or the dangers that death-row inmates posed to one another. Instead, El-Mumit's complaint shows that the prison was aware of the competing risks and responsive to them, albeit not ultimately successful. Thus, the district court was correct in finding that El-Mumit has alleged no more than mere negligence, which is an insufficient foundation on which to base a constitutional claim.

AFFIRMED.