**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

—————————

No. 01-21055

(Summary Calendar)

—————————

OSCAR L SHAW,

Plaintiff - Appellant,

versus

TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION; E THOMASON, MD; C D ADAMS,
MD; TOM STARK, MD; JESSE FRANKLIN,

Defendants - Appellees.

—————————————————————————

Appeal from the United States District Court
For the Southern District of Texas
USDC No. H-98-CV-2400

—————————————————————————

July 17, 2002

Before JONES, SMITH and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Oscar L. Shaw, Texas prisoner #646048, appeals the district court's grant of summary

———————————————————

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

judgment in favor of defendant-appellee Jesse Franklin on several claims, and the dismissal of his remaining claims against the defendants as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(I).[1] We AFFIRM the district court's order.

Shaw filed multiple claims against the Texas Department of Criminal Justice ("TDCJ"), Franklin, and prison doctors E. Thomason, C.D. Adams, and Tom Stark (collectively, the "defendants") alleging that he was disabled and had not been properly accommodated within the Texas correctional system. Shaw alleged violations of the Americans with Disabilities Act (the "ADA"), the Rehabilitation Act, and the Eighth Amendment.[2] Shaw's main contention is that he was not placed in the prison's Physically Handicapped Offenders Program ("PHOP") as he requested from 1993-1996. Shaw alleges that Franklin, the coordinator of the PHOP, caused several prison doctors to deliberately mis-evaluate him so that he would not be placed in the PHOP, based on a false piece of information in his file labeling Shaw a member of a militant black Muslim organization. In addition to his allegations regarding the PHOP, Shaw also asserts that he was deprived of a blind cane, was forced to work long hours, was attacked and injured by other inmates in the regular units, and injured

---

[1]28 U.S.C. § 1915(e)(2)(B) provides:
> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>> (B) the action or appeal--
>>> (i) is frivolous or malicious;
>>> (ii) fails to state a claim on which relief may be granted; or
>>> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B) (West 1994).

[2]In his complaint, Shaw also asserted that the defendants engaged in a conspiracy to deprive him of due process and equal protection rights under 42 U.S.C. § 1983, § 1985 and § 1986 by deliberately mis-diagnosing his condition. However, Shaw has not raised the district court's dismissal of his conspiracy claims on appeal.

himself as a result of the defendants' failure to accommodate his visual impairment.

Shaw first argues that the district court erred in disposing of his Eighth Amendment claims, both with respect to Franklin and to the other defendants. In order to establish an Eighth Amendment violation, an inmate must show that a prison official "act[ed] with deliberate indifference, [and] exposed a prisoner to a sufficiently substantial risk of serious damage to his future health." *See Farmer v. Brennan*, 511 U.S. 825, 843 (1994). First, Shaw contends that the evidence he presented in conjunction with his pleadings, while circumstantial, was sufficient to create an issue of material fact regarding whether Franklin was responsible for his rejection from the PHOP. In this case, Franklin's unrefuted affidavit states that he was unaware that Shaw had been returned to prison or that Shaw wished to participate in PHOP until 1996. Thus, Shaw has failed to prove that Franklin acted with deliberate indifference. *See Farmer*, 511 U.S. at 844 ("[P]rison officials who lacked knowledge of a risk cannot be said to have inflicted punishment, it remains open to the officials to prove that they were unaware even of an obvious risk to inmate health or safety.").

Shaw's Eighth Amendment arguments with regard to the other defendants similarly fail. First, Shaw argues that the other defendants were also deliberately indifferent in rejecting his request to participate in the PHOP. However, Franklin's affidavit states that Shaw was able to function competently in two regular prison units without additional restrictions or accommodations. The affidavit further states that many handicapped prisoners received proper accommodations and were able to accomplish the activities of daily life without inclusion in the PHOP. In sum, Shaw has not proved that he was exposed to a "sufficiently substantial risk of serious damage to his future health" by not participating in the PHOP. *Farmer*, 511 U.S. at 843.

Shaw also contends that the defendants were deliberately indifferent to his serious medical

needs because they failed to provide him with a cane or transfer him to a unit for prisoners with serious vision disorders. However, the record indicates that Shaw was evaluated numerous times during the relevant time period and various accommodations were suggested. For example, a physician's assistant ordered a ground-floor and lower bunk restriction in March of 1995, the same month in which notations in the clinic notes suggested an evaluation for a cane be conducted. In addition, defendant Stark recommended in November of 1995 that Shaw be transferred to a unit with a low vision clinic. Even assuming Shaw has shown the defendants were negligent in not taking further action in regard his treatment, mere medical malpractice does not constitute deliberate indifference. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (noting that negligent medical malpractice does not constitute deliberate indifference; rather, a prisoner must allege "indifference that can offend evolving standards of decency"). Thus, Shaw can not show deliberate indifference with respect to his medical treatment or his housing assignment.

Next, Shaw argues that the defendants failed to protect him from attack by other inmates. However, Shaw has failed to show that the defendants were aware of a particularized threat to him. *See Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995) ("In order to act with deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."). Finally, Shaw's claim regarding his work assignment also lacks merit. Shaw does not indicate what work he was required to do, nor does he explain how the work assignment was inconsistent with his medical condition.

Shaw also argues that his ADA and Rehabilitation Act claims should not have been dismissed

by the district court.[3]  Both the ADA and the Rehabilitation Act provide that an individual cannot be excluded from participation in or be denied the benefits of public services, programs, or activities by reason of a disability.  *See* 42 U.S.C. § 12132 ("[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity"); 29 U.S.C. § 794(a) ("No otherwise qualified individual with a disability. . .shall, *solely by reason of her or his disability*, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance") (emphasis added).  Because Shaw himself alleges that he was denied participation in the PHOP because of a notation in his record erroneously labeling him a member of a militant organization, rather than because of his disability, he has failed to allege an actionable ADA or Rehabilitation Act claim.[4]

For the foregoing reasons, we AFFIRM the judgment of the district court.

---

[3]Shaw also contends that the district court erred when it dismissed his claims against defendants Thomason, Adams, and Stark, in light of the fact that these defendants never filed a response to Shaw's complaint, nor did they file a motion for summary judgment.  We reject this argument because the district court dismissed Shaw's claims as frivolous, and the statute does not require service nor an answer prior to dismissal of frivolous claims.  *See* 28 U.S.C. § 1915(e)(2)(B)(I) ("[t]he court shall *dismiss the case at any time* if the court determines that. . .the action or appeal. . .is frivolous") (emphasis added).

[4]Because we hold that Shaw's substantive ADA and Rehabilitation Act claims lack merit, we need not reach his argument  regarding the defendants' inability to assert qualified immunity as a defense.