IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-41324
Conference Calendar
_____

THERON BELTON,

                                          Plaintiff-Appellant,

versus

KENT HENSON, Sheriff; KEN STEWART, Jail Administrator;
AMY THOMPSON, LV Nurse; TOMMY SIMS, Transportation Officer,

                                          Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:99-CV-149
--------------------
August 20, 2002

Before HIGGINBOTHAM, DAVIS, and PARKER, Circuit Judges.

PER CURIAM:[*]

    Theron Belton ("Belton"), Texas state prisoner #845198,
appeals the magistrate judge's dismissal of his 42 U.S.C. § 1983
civil rights complaint as frivolous and for failure to state a
claim upon which relief may be granted.  See 28 U.S.C.
§ 1915(e)(2).  Belton argues that jail officials were
deliberately indifferent to his medical needs.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Belton first contends that the magistrate judge lacked jurisdiction to dismiss his complaint. This argument lacks merit because at the time of the magistrate judge's dismissal, the defendants were not served and, therefore, were not parties to the lawsuit. See Neals v. Norwood, 59 F.3d 530, 532 (5th Cir. 1995).

Because Belton has not shown that the defendants were deliberately indifferent to his medical needs and that he suffered injury, he has not shown that the magistrate judge erred in dismissing his complaint. See Wagner v. Bay City, Tex., 227 F.3d 316, 324 (5th Cir. 2000); Wesson v. Oglesby, 910 F.2d 278, 284 (5th Cir. 1990).

Belton's appeal is without arguable merit and is dismissed as frivolous. See 5TH CIR. R. 42.2; Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). The dismissal of the appeal as frivolous and the district court's dismissal of Belton's 42 U.S.C. § 1983 complaint as frivolous and for failure to state a claim each count as a "strike" under the three-strikes provision of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Belton is CAUTIONED that if he accumulates three "strikes" under 28 U.S.C. § 1915(g), he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; THREE-STRIKES WARNING ISSUED.