IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50717
Conference Calendar
_____

EVERETT JEROME NICKSON,

Plaintiff-Appellant,

versus

G.H. VALDEZ, Captain; MR. KNOX; DOMINGUEZ STATE JAIL;
NURSE QUARHARDO; NURSE MYERS,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-01-CV-735
--------------------
February 19, 2003

Before WIENER, EMILIO M. GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Everett Jerome Nickson, Texas prisoner # 815724, seeks permission to proceed in forma pauperis (IFP) to appeal the denial of his 42 U.S.C. § 1983 complaint, in which he alleged that the defendants were deliberately indifferent to his medical needs.

An appellant may challenge a district court's certification decision that an appeal would not be taken in good faith by filing in this court a motion to proceed IFP.  See Baugh v.

---

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Taylor, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(5). The motion, however, "must be directed solely to the trial court's reasons for the certification decision." See Baugh, 117 F.3d at 202. Nickson's IFP motion is not directed to the district court's reasons for the certification decision; therefore, he has not established an entitlement to proceed IFP.

The merits of Nickson's appeal are "inextricably intertwined with the certification decision," and, therefore, we may also entertain the issue whether the appeal should be dismissed. See id. A prison official acts with deliberate indifference if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). The undisputed material facts are not ones from which the inference could be drawn that a substantial risk of serious harm existed to Nickson's health or safety. Nickson therefore cannot establish deliberate indifference as a matter of law.

Nickson's negligence claims against defendants Valdez and Knox for breach of their duty to maintain the steam press are not cognizable in a 42 U.S.C. § 1983 proceeding and were therefore properly dismissed. See Neals v. Norwood, 59 F.3d 530, 532-33 (5th Cir. 1995).

Nickson has not established that an appeal would not involve nonfrivolous issues.  His motion for IFP status is therefore denied, and his appeal is dismissed as frivolous.  <u>See</u> 5TH CIR. R. 42.2; <u>Howard v. King</u>, 707 F.2d 215, 220 (5th Cir. 1983).

IFP MOTION DENIED; APPEAL DISMISSED.