IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-60462
Conference Calendar

_____

GREG COLEMAN,

Plaintiff-Appellant,

versus

LEE MCGEE, Correctional Officer IV;
JOAN ROSS, Disciplinary Chairperson;
VIRGINIA MCGOWN, Correctional Officer IV,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:01-CV-270
- - - - - - - - - -
February 19, 2003

Before WIENER, EMILIO M. GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Appellant Greg Coleman, Mississippi state prisoner # 77360, seeks leave to proceed in forma pauperis (IFP) following the district court's certification, pursuant to 28 U.S.C. § 1915(a)(3) and FED. R. APP. P. 24(a)(3), that his appeal is not taken in good faith. In his civil rights action, Coleman alleged that he had been denied due process in connection with a prison disciplinary proceeding which he was denied the opportunity to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

defend.  In that proceeding he was assessed the loss of two visits and ten days of privileges.  Coleman alleged that this also delayed his eligibility for promotion to a higher level of custody.

A prisoner's protected liberty interest is "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995) (citations omitted). The punishment Coleman received in the subject disciplinary proceeding does not implicate a protected liberty interest. See Malchi v. Thaler, 211 F.3d 953, 958 (5th Cir. 2000); Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995).

Coleman's appeal is without arguable merit and thus is frivolous.  See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.  Therefore, his motion for leave to proceed IFP is DENIED and his appeal is DISMISSED.

The district court's dismissal of Coleman's action and this court's dismissal of his appeal each count as a strike for purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 385-88 (5th Cir. 1996).  Coleman is warned that if he accumulates three strikes, he will be unable to proceed IFP in any civil action or appeal filed while he is incarcerated,

unless he is in imminent danger of serious physical injury.
See 28 U.S.C. § 1915(g).

IFP DENIED; APPEAL DISMISSED; SANCTIONS WARNING ISSUED.