**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**January 5, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-50647
Summary Calendar

_____

MARCELINO MARTINEZ,

                                        Plaintiff-Appellant,

versus

FNU AMBRIZ; FNU MORALES; FNU CARRILLO; FNU
FENNER; FNU HINKLE; FNU LUEVA; FNU GONZALEZ;
JOHN DOE, Parole Officer; FNU GARRISON; FNU ORTIZ;
FNU GARCIA; FNU ANDERSON; JOHN DOE, S. C. C.; JOHN
DOE, B. O. C.,

                                        Defendants-Appellees.

--------------------
Appeals from the United States District Court
for the Western District of Texas
USDC No. SA-03-CV-319
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Marcelino Martinez, Texas prisoner #526628, appeals the
district court's judgment, dismissing his civil rights claims,
seeking compensatory and injunctive relief, against personnel at
the Connally Unit of the TDCJ-ID for failure to state a claim
upon which relief could be granted and transferring his remaining
claims against personnel at the Smith Unit of the TDCJ-ID to the

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Northern District of Texas.  See 42 U.S.C. § 1983; 28 U.S.C.

§ 1915(e)(2)(B)(ii).  We lack jurisdiction to review the district

court's order transferring venue of the claims against the Smith

Unit personnel.  See Enplanar, Inc. v. Marsh, 11 F.3d 1284, 1298

(5th Cir. 1994).

We review a dismissal for failure to state a claim under 28

U.S.C. § 1915(e)(2)(b)(ii) under the *de novo* standard of review.

Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999).  We

conclude that the district court did not err in dismissing

Martinez's claim that Grievance Investigator Sanches failed to

protect him from other inmates by refusing to remove him from

administrative segregation.   See Neals v. Norwood, 59 F.3d 530,

533 (5th Cir. 1995).  The district court's dismissal of

Martinez's denial of access to courts and retaliation claims

against Ms. Artiz, Major Carillo, Captain Hinkle, and Mr. Fenner

and his claim of supervisory liability against Warden Morales

also was not error.  See Lewis v. Casey, 518 U.S. 343, 351

(1996); Johnson v. Rodriquez, 110 F.3d 299, 310 (5th Cir. 1997);

Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1987).  We do

not consider the merits of the claims against the Smith Unit

personnel which have been transferred to the Northern District of

Texas or the claims that implicate the liability of individuals

not named as defendants in this lawsuit.

The district court did not abuse its discretion in denying

Martinez's motion for appointment of counsel, and it did not err

in not holding an evidentiary hearing.  See Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987); Wesson v. Oglesby, 910 F.2d 278, 281 (5th Cir. 1990).

Because Martinez's appeal is without arguable merit, it is DISMISSED as frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.  This dismissal of this appeal as frivolous counts as a "strike" under 28 U.S.C. § 1915(g), as does the district court's dismissal of Martinez's complaint for failure to state a claim.  See Adepegba v. Hammons, 103 F.3d 383, 385-88 (5th Cir. 1996).  Martinez is warned that if he accumulates three strikes, he will not be able to proceed in forma pauperis (IFP) in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).  Martinez's motions for an injunction pending appeal and for appointment of counsel are DENIED.  Given that the district court has granted Martinez permission to proceed IFP on appeal, his IFP motion before this court is also DENIED.

APPEAL DISMISSED; THREE-STRIKES WARNING ISSUED; ALL MOTIONS DENIED.