# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 2, 2007

Charles R. Fulbruge III
Clerk

No. 06-41439
Summary Calendar

JAMES CAMPBELL

Plaintiff-Appellant

v.

RONALD FOX, Major, Michael Unit

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:05-CV-258

Before HIGGINBOTHAM, STEWART and OWEN, Circuit Judges.

PER CURIAM:[*]

James Campbell, Texas prisoner # 542220, appeals the dismissal of his 42 U.S.C. § 1983 action as frivolous under 28 U.S.C. § 1915A. Campbell contends that the defendant failed take steps to protect him despite being made aware of threats of sexual and physical assault made by another prisoner. Campbell asserts that, despite being held in safekeeping status, he ultimately was sexually and physically assaulted by this prisoner.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Campbell has not shown that the district court erred by dismissing his complaint as frivolous. Prison officials have a duty under the Eighth Amendment to protect inmates from violence at the hands of other prisoners. Farmer v. Brennan, 511 U.S. 825, 833 (1994). However, because Campbell already was being held on a safekeeping status intended to protect vulnerable inmates, he can not show that he was "incarcerated under conditions posing a substantial risk of serious harm," or that the defendant's failure to transfer him to a different classification or to a different prison shows that the defendant was "deliberately indifferent to his need for protection." Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995).

The judgment of the district court is AFFIRMED. Campbell is warned that the district court's dismissal of his action as frivolous counts as one strike under 28 U.S.C. § 1915(g). If Campbell accumulates three strikes, he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir.1996); 28 U.S.C. § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.