IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 20, 2008

Charles R. Fulbruge III
Clerk

No. 07-30894
Summary Calendar

JAMES ALVIN ATKINS

Plaintiff-Appellant

v.

SHERIFF'S JAIL AVOYELLES PARISH

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:07-CV-684

Before STEWART, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

James Alvin Atkins, Louisiana prisoner # 416076, appeals the dismissal of his 42 U.S.C. § 1983 civil rights complaint as frivolous and for failure to state a claim upon which relief could be granted.

Atkins argues on appeal that prison officials acted with deliberate indifference to his health or safety when they failed to repair leaks that caused water puddles, which in turn caused Atkins to slip and fall. However, Atkins has not shown that the officials disregarded any inference that there was a

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

substantial risk of serious harm, and his claims amount only to claims of unreasonableness or negligence, neither of which establishes an Eighth Amendment violation. See Cantu v. Jones, 293 F.3d 839, 844 (5th Cir. 2002); Hare v. City of Corinth, 74 F.3d 633, 649 (5th Cir. 1996) (en banc); Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995).

Atkins also argues that Steven Dozat was deliberately indifferent to his serious medical needs when he delayed sending Atkins to a doctor concerning his May 19, 2006, injury until July 21, 2006. However, Atkins has not shown that the delay in treatment substantially harmed him or exacerbated his injury in any way, and he has not shown that Dozat's administration of Motrin and Tylenol alone during the delay were attributable to anything more than negligence, which does not establish a constitutional violation. See Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993).

The district court's dismissal of Atkins's complaint as frivolous and for failure to state a claim counts as a strike for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). Atkins is warned that if he accumulates three strikes under § 1915(g), he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED