# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 29, 2009

No. 08-31112
Summary Calendar

Charles R. Fulbruge III
Clerk

LEE TREADWAY,

Plaintiff–Appellant,

v.

TIM WILKINSON; STACY FERGUSON; D BEAUBOEUF; CHRISSY
CHATMAN; SANDY TAYLOR; KEVIN JORDAN; LIEUTENANT MELVIN
BRAXTON; LIEUTENANT BEVERS; CARL COLEMAN; J JOHNSON;
SANGRIA FITCH; E BREXTON; MELBOU, Correction Officer,

Defendants–Appellees.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 06-1182-A

Before GARZA, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Lee Treadway, Louisiana prisoner # 96980, appeals from the district court's grant of summary judgment in favor of the defendants. We affirm the district court's judgment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Treadway was an inmate at the Winn Correctional Center (WCC) at the time of the events in question. On February 11, 2006, Eddie Lambert, an Orleans Parish Prison inmate temporarily housed at WCC, assaulted Treadway while Treadway was walking to the cafeteria. Lambert punched Treadway in the face, knocked him to the floor and kicked him. Treadway sustained a cut and bruising under his right eye, a cut on his inner lip, and a knot on the left side of his head.

Treadway brought suit against the defendants, alleging that prison officials had failed to protect him from the violence. In his complaint, Treadway asserted that Ferguson, a floor officer, allowed Lambert to leave his tier without receiving clearance from Taylor, the shift supervisor. Treadway also asserted that Ferguson stood by and watched while Lambert attacked him. Treadway stated that Beaubouef and Jordan similarly did not act to prevent the assault. Finally, according to Treadway, Taylor and Ferguson set him up to be attacked.

We review a district court's grant of summary judgment de novo.[1] Summary judgment is appropriate when "there is no genuine issue as to any material fact" and "the movant is entitled to judgment as a matter of law."[2] The court considers the evidence in the light most favorable to the non-moving party.

Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners.[3] However, not every injury suffered by an inmate at the hands of another "translates into constitutional liability for prison officials responsible for the victim's safety."[4]

---

[1] *Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995).

[2] FED. R. CIV. P. 56(c)(2).

[3] *Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *Horton v. Cockrell*, 70 F.3d 397, 400-01 (5th Cir. 1995).

[4] *Farmer*, 511 U.S. at 834.

To establish a failure-to-protect claim, the plaintiff must prove that he was detained "under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection."[5] A defendant acts with deliberate indifference when he is aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists and he in fact draws the inference.[6]

In this case, Treadway has not presented sufficient evidence to make out a failure-to-protect claim. Treadway makes allegations against only Beaubouef, Jordan, Taylor, and Ferguson. The other defendants are not accused of wrongdoing, and indeed some were added solely in order to obtain their testimony at trial. As for Beaubouef, Jordan, Taylor, and Ferguson, Treadway has not presented competent summary judgment evidence that they were deliberately indifferent to a substantial risk of serious harm to him. Treadway admits that he did not know Lambert before the attack. Treadway has presented no evidence that any of the defendants knew that Lambert might present a threat of harm to Treadway. The record establishes that Ferguson and other WCC employees followed the proper procedure at the time of the altercation. Therefore, Treadway has not shown that there is a genuine issue of material fact as to whether the defendants acted with deliberate indifference to a substantial risk of serious harm.

\* \* \*

For these reasons, we AFFIRM the district court's grant of summary judgment in favor of the defendants.

---

[5] *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995).

[6] *Id.*