# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 23, 2010

No. 09-60372
Summary Calendar

Charles R. Fulbruge III
Clerk

KEITH MORRIS,

Plaintiff-Appellant

v.

MATTIE COLLINS,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 4:07-CV-125

Before DAVIS, SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

Keith Morris, Mississippi prisoner # K1590, appeals the district court's grant of summary judgment to the defendant and dismissal of his 42 U.S.C. § 1983 action alleging failure to protect under the Eighth Amendment. He argues that a genuine issue of material fact exists regarding whether the defendant was aware of, or should have been aware of, the threat to his safety.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Morris commenced this action against Mattie Collins, a captain at the East Mississippi Correctional Facility. He asserted that while he was in line for dinner a large inmate named Danny Irby got in front of him and attempted to take his food tray. Morris stopped him but then Irby pushed him and threatened him, saying he was going to beat him up and bite him once they returned to the zone. Morris contended that Collins saw and heard this incident but did nothing to stop it even though he looked directly at her when he left the dining hall. Irby attacked Morris after they had returned to their housing unit.

Via affidavit, Collins asserted that while she was standing outside the dining hall she observed Morris and Irby arguing. She did not hear any threats and did not observe any physical contact between the two men. She approached them and told them to stop it and sit down. They complied.

We review de novo the district court's grant of summary judgment. *Stewart v. Murphy*, 174 F.3d 530, 533 (5th Cir. 1999). Summary judgment is appropriate if the evidence shows that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2). To establish an Eighth Amendment claim for failure to protect, an inmate must show that a prison official's act or omission resulted in his being incarcerated under conditions posing a substantial risk of serious harm and that the prison official was deliberately indifferent to his safety. *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994).

Morris asserted in his verified complaint that Collins saw and heard everything that happened in the dining hall. The conclusional assertion that Collins heard the alleged threat from Irby is not within Morris's personal knowledge and, therefore, does not constitute competent summary judgment evidence. *See Huckabay v. Moore*, 142 F.3d 233, 240 n.6 (5th Cir. 1998). Accordingly, Morris has not shown that a material issue of fact exists regarding Collins's assertion that she did not hear any threats made. Because the evidence does not show that Collins knew of and deliberately disregarded an excessive

2

risk to Morris's safety, the district court did not err in denying Morris's Eighth Amendment claim.  *See Newton v. Black*, 133 F.3d 301, 308 (5th Cir. 1998); *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995).

Morris's motions for leave to supplement the record on appeal and to file a supplemental brief are DENIED.  *See* 5TH CIR. R. 28.4; *Theriot v. Parish of Jefferson*, 185 F.3d 477, 491 n.26 (5th Cir. 1999).

AFFIRMED.