# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-41202
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 3, 2015

Lyle W. Cayce
Clerk

MICHAEL LEE STOUT,

Plaintiff-Appellant

v.

STACEY LEE LEBLANC,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:09-CV-67

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Michael Lee Stout, Texas prisoner # 1282657, has appealed the district court's order granting the motion for summary judgment of Stacey Lee LeBlanc. The district court determined that Stout had failed to show that there was a genuine issue whether LeBlanc, who was a board member on the state classification committee, had acted with deliberate indifference to her duty to protect Stout from harm or violence by other inmates in deciding to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

transfer Stout to another unit, where he had no known enemies, and not to place him in safekeeping custody.

Stout has complained that the appellee did not provide him with a copy of her brief and he contends that the appellee should be sanctioned. The clerk sent Stout a copy of the brief and advised him to move for leave to file a reply brief out of time, if he wished to do so. No such motion has been filed. The motion for sanctions is DENIED.

We review de novo a grant of summary judgment, applying the same standard as the district court. *Nickell v. Beau View of Biloxi, LLC*, 636 F.3d 752, 754 (5th Cir. 2011); *see also* FED. R. CIV. P. 56(a).

Prison officials have a duty under the Eighth Amendment to protect inmates from violence at the hands of other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). However, not every injury "by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834. To establish a failure-to-protect claim, a prisoner must show that he was "incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995).

An official is not liable if she "reasonably responded to a known substantial risk, even if the harm was ultimately not averted." *Longoria v. Texas*, 473 F.3d 586, 593 (5th Cir. 2006) (internal quotation marks and citation omitted). Mere negligence by officials in failing to protect a prisoner from an assault does not form the basis of a § 1983 claim. *Neals*, 59 F.3d at 533. Also, "a prison inmate does not have a protectable liberty or property interest in his custodial classification and an inmate's disagreement with a classification is insufficient to establish a constitutional violation." *Id.*

No. 13-41202

LeBlanc explained in her affidavit why she concluded that Stout was not a good candidate for safekeeping, and Stout has presented no evidence rebutting that reasonable explanation. *See Longoria*, 473 F.3d at 593. Although the summary judgment evidence reflects that LeBlanc was aware that Stout faced a substantial risk of harm, the summary judgment evidence reflects that her decision to transfer Stout to a unit where he had no known enemies was negligent, at most, and did not rise to the level of deliberate indifference. *See Neals*, 59 F.3d at 533. Moreover, there is no evidence that LeBlanc had any personal involvement in Stout's custody classification between the time of Stout's transfer to the Hughes Unit in 2007 and the inmate assault in June 2008 on the Darrington Unit. *See Mouille v. City of Live Oak, Texas*, 977 F.2d 924, 929 (5th Cir. 1992). Stout has not shown that the district court erred in granting LeBlanc's motion for summary judgment.

Stout complains that the district court failed to rule upon his motion under Rule 59(e) of the Federal Rules of Civil Procedure. This contention is moot.

Stout complains that he should have been permitted to conduct discovery. No error has been shown. *See Shultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir. 1995) (en banc); *Jacquez v. Procunier*, 801 F.2d 789, 791 (5th Cir. 1986).

There is no merit to Stout's assertion that the district court's adverse rulings show that it was unfairly biased against him. *See Liteky v. United States*, 510 U.S. 540, 555 (1994).

AFFIRMED