# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 29, 2021

Lyle W. Cayce
Clerk

No. 19-50650
Summary Calendar

Esau Poree,

*Plaintiff—Appellant*,

*versus*

Warden Chimdi A. Akwitti; Sergeant Phillip A. Rainwater; Leslie L. Harman, *Chief Classification*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:18-CV-223

Before Haynes, Willett, and Ho, *Circuit Judges*.

Per Curiam:*

Esau Poree, Texas prisoner # 2083174, proceeding pro se and in forma pauperis, appeals the district court's grant of summary judgment in favor of the defendants and dismissal of his 42 U.S.C. § 1983 complaint.  Poree

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

alleged that the defendants failed to protect him and sought compensatory and punitive damages for the injuries he suffered during an assault by a fellow inmate while housed at the Alfred D. Hughes Unit of the Texas Department of Criminal Justice, Correctional Institutions Division. The assault, during which another inmate struck Poree with a coffee cup, resulted in serious damage to Poree's left eye, including loss of vision.

There is no allegation that the defendants assaulted Poree or were deliberately indifferent to Poree's indisputably serious eye injury. Rather, Poree's claim rests entirely on whether the defendants were deliberately indifferent to his requests for protection and safekeeping.[1] The crux of his argument is that the defendants knew that he had received threats while housed in building 8, K-Pod (8 K-Pod) prior to the assault but failed to move him from 8 K-Pod, thereby placing him at substantial risk of harm.

Poree does not address the district court's determination regarding Eleventh Amendment immunity or raise any argument that could be construed as raising a challenge to that determination. Further, aside from conclusory references, he also does not discuss his equal protection or retaliation claims. Accordingly, those issues are deemed abandoned. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *see also Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

As to whether the defendants were entitled to qualified immunity on the Eighth Amendment claim of deliberate indifference to Poree's safety, we find no error with the district court's determination that summary judgment was proper. *See Garcia v. Blevins*, 957 F.3d 596, 600 (5th Cir. 2020), *cert. denied*, 2021 WL 78130 (U.S. Jan. 11, 2021) (No. 20-498). Nothing in the

---

[1] "Safekeeping is a housing status that separates vulnerable individuals from more aggressive offenders." *Johnson v. Johnson*, 385 F.3d 503, 512 (5th Cir. 2004).

record reflects that the assailant had threatened Poree in the past; moreover, Poree presented no competent summary judgment evidence, and he points to no evidence in his brief, showing that any defendant knew that the assailant presented a threat to him, much less a substantial risk to his safety. *See Torres v. Livingston*, 972 F.3d 660, 663 (5th Cir. 2020). While Poree asserts that the defendants knew that he faced a substantial risk of serious harm if he remained in building 8 after an earlier incident during which several threats from unknown inmates were made, that incident was not disregarded by prison officials but was duly investigated. Moreover, Poree has not shown that the incident presented a risk of serious harm that "was so obvious that the [defendants] must have known about it." *Johnson*, 385 F.3d at 524. Even if the facts could be sufficient to show that a prison official may have been negligent for failing to move Poree out of building 8 after the incident, negligence, even gross negligence, is not enough to state an Eighth Amendment claim. *See Torres*, 972 F.3d at 663.

Finally, insofar as Poree's argument implicates the decision to deny him placement in safekeeping while at the Hughes Unit, "a prison inmate does not have a protectable liberty or property interest in his custodial classification and an inmate's disagreement with a classification is insufficient to establish a constitutional violation." *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995).

Accordingly, the district court's judgment is AFFIRMED.