IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-30530
Conference Calendar
_____


RICKY SEABERRY,

                                             Plaintiff-Appellant,

versus

MICKEY HUBERT; CARL COLEMAN; TERRY REEVES,

                                             Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 01-CV-843
--------------------
February 19, 2003

Before WIENER, EMILIO M. GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Ricky Seaberry, Louisiana prisoner # 131369, appeals the

district court's dismissal of his 42 U.S.C. § 1983 lawsuit as

frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B).  If his brief

is liberally construed, Seaberry argues that his complaint was

not frivolous, and he renews his due-process and malicious-

prosecution claims.  He also appears to argue, for the first time

on appeal, that the defendants violated his Eighth Amendment

rights, but this claim will not be considered because it was not

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

first presented to the district court.  See Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Discount Centers, Inc., 200 F.3d 307, 316-17 (5th Cir. 2000).

Seaberry's due-process claims fail because the disciplinary proceedings did not implicate a protectable liberty interest. See Madison v. Parker, 104 F.3d 765, 767 (5th Cir. 1997); see also Malchi v. Thaler, 211 F.3d 953, 957-58 (5th Cir. 2000); Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995).  His malicious prosecution claim fails because, as the district court determined, the district attorney is entitled to absolute prosecutorial immunity.  See Boyd v. Biggers, 31 F.3d 279, 285 (5th Cir. 1994); see also Kerr v. Lyford, 171 F.3d 330, 337 (5th Cir. 1999).  Seaberry has waived any challenge to the determination that Reeves was immune from suit by failing to brief it.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Seaberry's appeal is wholly without arguable merit, is frivolous, and is therefore DISMISSED.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.  The district court's dismissal of his complaint counts as a "strike" for purposes of 28 U.S.C. § 1915(g), as does this court's dismissal of the instant appeal.  See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996).  As Seaberry was informed in the district court, he has at least one prior strike.  See Seaberry v. Lee, No. 2:98-CV-312 (E.D. La. Nov. 24, 1998)

(unpublished).  Because Seaberry has accumulated at least three strikes, he is BARRED from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).  Seaberry is further CAUTIONED to review any pending appeals to ensure that they do not raise frivolous issues.

APPEAL DISMISSED; THREE-STRIKES BAR IMPOSED.