United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-60276
Conference Calendar

DENNIS LENOIR,

Plaintiff-Appellant,

versus

ETHEL CARLIZE; LISA ECHOLS; MICHAEL WILSON; CHRISTOPHER EPPS,

Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:04-CV-10-P-D
---------------------

Before BARKSDALE, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Dennis Lenoir, Mississippi state prisoner # 31073, proceeding pro se, moves for leave to proceed in forma pauperis (IFP) in an appeal of the district court's final judgment that dismissed his 42 U.S.C. § 1983 complaint for failure to state a claim upon which relief may be granted. Lenoir's IFP motion is a challenge to the district court's certification that his appeal is not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Lenoir contends that his inmate account has been improperly debited by the defendants. Lenoir also argues in conclusory fashion that his action is not frivolous "because of the liberty interest and 'statutory due process' afforded through the defendant(s) and their agency's policies." Id. at 4.

Lenoir's placement in solitary confinement, as alleged in his complaint, does not violate his constitutional rights, see Sandin v. Conner, 515 U.S. 472, 486 (1995), and his alleged improper fine does not affect his freedom from restraint. Likewise, Lenoir's alleged change in custodial classification does not affect a protectable liberty interest. See Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995). Because Lenoir did not allege that he received any punishment that would implicate a due process concern, neither the Due Process Clause nor prison regulations afford Lenoir a protected liberty interest that would entitle him to the procedural protections provided by Wolff v. McDonnell, 418 U.S. 539, 556, 564-66 (1974). See Sandin, 515 U.S. at 487.

Lenoir has not shown that the district court erred in certifying that an appeal would not be taken in good faith. He has not shown that he will present a nonfrivolous issue on appeal. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, the motion for leave to proceed IFP is DENIED and the appeal is DISMISSED as frivolous. See Baugh, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

The dismissal of this appeal and the district court's dismissal of Lenoir's complaint for failure to state a claim count as strikes under 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996).  Lenoir is CAUTIONED that if he accumulates three strikes under 28 U.S.C. § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.