# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 05-51448
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 22, 2007**

Charles R. Fulbruge III
Clerk

BILLY LANG

Plaintiff - Appellant

v.

DOUGLAS DRETKE, Director - CID; SMITH, Warden; MASSINGELL,
Warden; O'REILLY, Warden; SLOAN, Major; BUNGER, Sergeant;
UNKNOWN A; UNKNOWN B; UNKNOWN C

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:04-CV-214

Before KING, HIGGINBOTHAM, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Billy Lang, Texas prisoner # 613800, proceeding pro se, filed a 42 U.S.C.
§ 1983 against Douglas Dretke, Director of the Texas Department of Criminal
Justice - Criminal Institutions Division (TDCJ-CID), and other corrections
officials and officers of the Alfred Hughes Unit. Lang alleged that the
defendants failed to abate a known risk of violence and failed to provide him

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

with adequate medical attention for injuries from an assault. The district court dismissed the suit as frivolous pursuant to 28 U.S.C. § 1915(e), finding that Lang had failed to exhaust his prison administrative remedies, as required by 42 U.S.C. § 1997e(a), with respect to inadequate-medical-treatment claim and that Lang had failed to allege more than a de minimis injury, as required by § 1997e(e), for civil actions alleging mental or emotional injury.

A district court may dismiss a complaint as frivolous "'where it lacks an arguable basis either in law or in fact.'" Denton v. Hernandez, 504 U.S. 25, 31-33 (1992) (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989)). Because the district court dismissed as frivolous for failing to state a claim pursuant to § 1997e(e), this court should review the dismissal de novo. See Geiger v. Jowers, 404 F.3d 371, 373 (5th Cir. 2005).

With respect to exhaustion, the district court's determination that Lang failed to exhaust his administrative remedies was premature because exhaustion is an affirmative defense that must be raised by the defendant. See Jones v. Bock, 127 S. Ct. 910, 921 (2007). With respect to the failure-to-protect claim, Lang's pleadings were sufficient to allege conditions of incarceration that posed a substantial risk of serious harm to which prison officials were deliberately indifferent. See Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995). The district court's judgment is VACATED and the case is REMANDED to the district court for further proceedings.

We do not consider Lang's assertion that it is wrong for prison officials to collect filing fees from his prisoner account because it was not raised below. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).