# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 3, 2008

Charles R. Fulbruge III
Clerk

No. 06-31277
Summary Calendar

JOSEPH HARRIS

Plaintiff-Appellant

v.

RICHARD L STALDER; LYNN COOPER; ALPHONSE PACHECO; BUD HAYES; CINDY SOILEAU; CAROL JEANSONNE; J AYMOND; JACOB LOUIS; SIDNEY FISHER; JENNIFER DOYLE

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:06-CV-1213

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:*

Joseph Harris, Louisiana prisoner # 368687, appeals from the district court's dismissal of his civil-rights lawsuit, filed pursuant to 42 U.S.C. § 1983, as frivolous and for failure to state a claim upon which relief may be granted. Harris has filed a motion to proceed in forma pauperis (IFP) on appeal,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

challenging the district court's certification that his appeal was not taken in good faith pursuant to Baugh v. Taylor, 117 F.3d 197, 199-202 (5th Cir. 1997).

Harris alleged that the defendants were liable for his physical injuries because he slipped and fell on the wet prison kitchen floor and because they failed to provide him with proper medical treatment for those injuries. Harris fails to allege a viable deliberate indifference claim on these bases. See Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001); Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995). Although Harris also alleges that he was attacked in the infirmary by some prison personnel, that claim fails because it is not supported by a physical injury that is more than de minimis. See Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997). Harris's claim regarding the prison administrative process fails because he does not have a liberty interest in having his prison administrative complaint resolved in a certain manner. See Geiger v. Jowers, 404 F.3d 371, 373-74 (5th Cir. 2005). The district court's certification that Harris's appeal is not taken in good faith is upheld, Harris's motion for IFP is denied, and this appeal is dismissed as frivolous. See Baugh, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

Harris is hereby informed that the dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g), in addition to the strike for the district court's dismissal. See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). We caution Harris that if he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.