IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 26, 2008

Charles R. Fulbruge III
Clerk

No. 07-60329
Summary Calendar

HERMAN BROWN

Plaintiff-Appellant

v.

LAWRENCE KELLY, Superintendent, in his official and personal capacities;
CHRISTOPHER EPPS, Commissioner, in his official and personal capacities;
EMMITT SPARKMAN, Deputy Commissioner, in his official and personal
capacities; EARNEST LEE, Warden, in his official and personal capacities;
TONYA STOKES; TOMMY MITCHELL; HENRY MAXWELL; JOHNNY
ROGERS, Deputy Warden, in his official and personal capacities, DYLESTER
FOSTER, Associate Warden, in her official and personal capacities; STANLEY
FLAGG, Intern Associate Warden, in his official and personal capacities;
BEVERLY WILLIAMS, Correctional Commander, in her official and personal
capacities

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:05-CV-188

Before JONES, Chief Judge, and DENNIS and HAYNES, Circuit Judges.

PER CURIAM:[*]

Herman Brown, Mississippi prisoner # R3791 filed a civil rights complaint
against 11 defendants alleging that they were deliberately indifferent to his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

safety because he was stabbed by other inmates. The defendants were Superintendent Lawrence Kelly, Commissioner Christopher Epps, Deputy Commissioner Emmitt Sparkman, Warden Earnest Lee, Officer Stokes, Sergeant Mitchell, Captain Maxwell, Deputy Warden Johnny Rogers, Associate Warden Dylester Foster, Associated Warden Stanley Flagg, and Commander Beverly Williams.

Following a Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985), hearing, the district court dismissed the claims against Kelly, Epps, Sparkman, Lee, Foster, and Flagg for failure to state a claim on which relief could be granted. Brown argues that this was error. A dismissal for failure to state a claim is reviewed under the same de novo standard as dismissals under FED. R. CIV. P. 12(b)(6). Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998); see also In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007), cert. denied, 128 S. Ct. 1230, 1231 (2008). Supervisory officials are not liable for the actions of subordinates on a theory of vicarious liability or respondeat superior. See Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1987). "Supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." Id. (internal quotations and citation omitted). Although Brown makes such a policy argument, he has not stated the nature of the policy. His claim was simply that the defendants should be held responsible for the actions of their subordinates, who failed in their duties. This is insufficient to support a claim of a constitutional violation. Brown has not shown that the district court erred in dismissing his suit against these defendants.

The claims against Stokes, Mitchell, Maxwell, and Rogers were not dismissed and went to trial before a jury. At the close of Brown's case, the defendants moved for judgment as a matter of law pursuant to FED. R. CIV. P. 50. The district court granted the motion as to Rogers. Following the

presentation of the defense's case the other defendants renewed their motion for judgment as a matter of law. Brown made no such motion pursuant to FED. R. CIV. P. 50. The jury returned a verdict in favor of Stokes, Mitchell, and Maxwell. Within 10 days of the judgment, Brown filed a motion for a new trial under FED. R. CIV. P. 59 and FED. R. CIV. P. 50(b). The district court treated the motion as having been brought under Rule 59. The district court found that although Brown had shown that he could not have been attacked and stabbed without "negligence on the part of some prison staff[,]" he could not show that the verdict rejecting the claim of deliberate indifference was against the overwhelming weight of the evidence.

Brown argues that the district court erred in denying his motion for a new trial. "Ordinarily, a district court's decision not to grant a new trial under [FED. R. CIV. P.] 59(a) is not appealable." Toops v. Gulf Coast Marine Inc., 72 F.3d 483, 486 (5th Cir. 1996) (quotation marks omitted). Instead, it is regarded as an attack on the final judgment. Id. Brown failed to move for judgment as a matter of law at the close of the evidence pursuant to FED. R. CIV. P. 50.

> If a party fails to move for judgment as a matter of law under [Rule] 50(a) on an issue at the conclusion of all of the evidence, that party waives both its right to file a renewed post-verdict Rule 50(b) motion and also its right to challenge the sufficiency of the evidence on that issue on appeal. As such, it is the unwavering rule in this Circuit that issues raised for the first time on appeal are reviewed only for plain error. On plain error review, the question for this court is not whether there was substantial evidence to support the jury verdict, but whether there was any evidence to support the jury verdict.

Flowers v. Southern Reg'l Physician Servs. Inc., 247 F.3d 229, 238 (5th Cir. 2001) (quotation marks, citations, and footnote omitted).

To prevail on his claim that prison officials violated his Eighth Amendment rights, Brown must have shown that officials acted with deliberate indifference to his safety. Cantu v. Jones, 293 F.3d 839, 844 (5th Cir. 2002). "To find that an official is deliberately indifferent, it must be proven that the official

knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. (internal quotation marks and citation omitted). If an inmate shows only that officials acted negligently, his Eighth Amendment claim fails. Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995) (failure-to-protect case).

Officer Mitchell testified that he personally strip searched every inmate present in the exercise yard at the time of the attack on Brown. Officer Stokes testified that when she unlocked inmate Frierson's individual pen, he removed his handcuffs and pulled a knife causing her to fall and injure her thumb. Frierson seized Stokes's keys when she fell. Officer Mitchell was observing the scene and saw Frierson open inmate McGowan's pen. Mitchell assisted Stokes and both went for help from other officers because multiple offenders were loose in the yard. Captain Maxwell testified that there was nothing in the prison record to indicate that Brown was in any particular danger from his assailants. This evidence supports the jury's finding that Brown had not proved a case of deliberate indifference against Stokes, Mitchell, or Maxwell. Brown has not established plain error with respect to the jury's verdict.

Finally, Brown asserts that the jury did not address the claims against Rogers. Although Brown is correct in that the jury did not address the claim against Rogers, the district court had granted judgment as a matter of law as to Rogers. As Brown does not argue that this motion was granted erroneously, he has abandoned the issue. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987)

The judgment of the district court is AFFIRMED.