# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 20, 2008

Charles R. Fulbruge III
Clerk

No. 08-50072
Summary Calendar

PHILIP N. FRASIER

Plaintiff-Appellant

v.

JOHN B FOX, Warden Bastrop Federal Correctional Institution; MARNEY GAMBLE, SIS Lieutenant, Bastrop Federal Correctional Institution; GINGER SOSA, SIS Lieutenant, Bastrop Federal Correctional Institution; MENDOZA, Case Managers Co-ordinator, Bastrop Federal Correctional Institution; ART MANUEL, Unit Manager, Bastrop Federal Correctional Institution; KAREN WEATHERS, Inmate Systems Manager, Bastrop Federal Correctional Institution; GREIGER, Case Manager of Austin Unit, Bastrop Federal Correctional Institution; UNKNOWN CORRECTIONS OFFICER, on duty in R & D at Bastrop Federal Correctional Institution on the day that Plaintiff was transferred; Individually and in their Official Capacities

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:06-CV-768

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This is an appeal from the district court's grant of summary judgment to several Federal Bureau of Prisons ("BOP") employees on plaintiff Philip Frasier's Eighth Amendment claims asserted under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). For the reasons stated herein, we AFFIRM.

## I. BACKGROUND

Frasier's claims arise from his participation in an investigation into steroids and narcotics smuggling at the federal correctional institute where he was imprisoned in Bastrop, Texas ("Bastrop FCI"). In December 2005, Frasier was moved from Bastrop FCI for his personal safety. Because of the nature of the transfer, Frasier was not able to pack his personal effects. He alleges Unit Manager Art Manuel told him that his property had been secured and would be packed and forwarded to him. Frasier states that when he arrived at the new facility, he discovered that his personal property, which contained contact information for his family, had not been secured or packed and was, in fact, lost. Three months later, Frasier's wife began receiving threatening phone calls at her home in Mexico. Frasier believes that his property fell into the hands of the criminal gangs being investigated, who in turn used the information to harass and threaten his family.

Frasier brought this lawsuit asserting that Defendants violated his constitutional rights. He sought money damages in the amount of $400 per day since the harassment began—the amount Frasier says he has paid since that time to hire a private security firm to protect his family. Frasier also sought an injunction prohibiting Defendants from retaliating against him for filing his lawsuit, and he sought an order ensuring that the threats against him and his family be taken into account during his immigration proceedings. Frasier did not allege that any harm had befallen him or his family.

The district court granted Defendants' motion for summary judgment, holding that Defendants were entitled to qualified immunity because Fraiser

failed to offer any evidence to establish that any of the named Defendants acted with deliberate indifference to a known, substantial risk to his safety.

## II. DISCUSSION

We review de novo the district court's grant of summary judgment. XL Specialty Ins. Co. v. Kiewit Offshore Servs., Ltd., 513 F.3d 146, 149 (5th Cir. 2008); see also FED. R. CIV. P. 56(c). "Summary judgment is appropriate [if the summary judgment evidence shows] 'that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Mello v. Sara Lee Corp., 431 F.3d 440, 443 (5th Cir. 2005) (quoting FED. R. CIV. PROC. 56). "[W]e 'review the evidence and inferences to be drawn therefrom in the light most favorable to the non-moving party.'" FDIC v. Laguarta, 939 F.2d 1231, 1236 (5th Cir. 1991) (quoting Baton Rouge Bldg. & Constr. Council AFL-CIO v. Jacobs Constructors Inc., 804 F.2d 879, 881 (5th Cir. 1986)). "A sufficient showing cannot rest on mere allegations or denials in the pleadings, but must set forth specific facts that establish an issue for trial." Leonard v. Dixie Well Serv. & Supply, Inc., 828 F.2d 291, 294 (5th Cir. 1987) (internal quotations omitted). After those reasonable inferences are made, there is an issue of material fact only if a rational trier of fact could find for the non-moving party. See Burch v. City of Nacogdoches, 174 F.3d 615, 619 (5th Cir. 1999).

A qualified immunity defense requires a two step analysis. The first question is whether the facts alleged, "[t]aken in the light most favorable to the party asserting the injury . . . show the officer's conduct violated a constitutional right." Saucier v. Katz, 533 U.S. 194, 201 (2001); see also Freeman v. Gore, 483 F.3d 404, 410 (5th Cir. 2007). "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." Saucier, 533 U.S. at 201. If a constitutional violation is found, the qualified immunity inquiry continues and examines whether the constitutional rights violated were clearly established to

the extent that a reasonable person would be aware of those rights. Hathaway v. Bazany, 507 F.3d 312, 320 (5th Cir. 2007).

The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. Farmer v. Brennan, 511 U.S. 825, 832 (1994). Specifically, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. Id. at 833. But not every injury suffered by one inmate at the hands of another creates constitutional liability. To establish a constitutional violation, the plaintiff must show that officials acted with deliberate indifference to his safety. Id.

> To find that an official is deliberately indifferent, it must be proven that the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Cantu v. Jones, 293 F.3d 839, 844 (5th Cir. 2002). If an inmate shows only that officials acted negligently, his constitutional claims fail. Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995).

In this case, Frasier has failed to demonstrate that Defendants were deliberately indifferent to Frasier's safety. As the district court noted, Frasier's emergency transfer out of Bastrop FCI occurred because of Defendants' concern for his safety. Even if some of the Defendants assured Frasier that his property would be secured, as he alleges, Frasier does not explain how any of the Defendants could have been aware of facts from which an inference could be drawn that a substantial risk of serious harm existed or that any of the Defendants actually drew the inference. See Neals, 59 F.3d at 533. Frasier does not even contend that he drew such an inference himself until after he had already been relocated to the federal correctional institute in Allentown, Pennsylvania ("Allentown FCI"), and his property had been lost. Also, there is no suggestion in the record—including in Frasier's own pleadings—that he advised prison officials of the sensitive nature of his property prior to his

4

removal from Bastrop FCI or of any danger posed by the possible loss of this property should it have fallen into the hands of the gangs being investigated. While the failure to secure and pack Frasier's property during the transfer may have been negligent, it did not rise to the level of deliberate indifference to Frasier's safety. Accordingly, even viewing the evidence in the light most favorable to Frasier, Defendants were entitled to judgment as a matter of law on Frasier's claims arising from any failure by Defendants to secure his personal property. See Neals, 59 F.3d at 533.

In the district court, Frasier also sought an injunction prohibiting Defendants from retaliating against him for filing his lawsuit, and he sought an order ensuring that the threats to him and his family be taken into account during his immigration proceedings. Because Frasier has failed to brief these issues in this court, they are deemed abandoned. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). In addition, because Fraiser is no longer incarcerated at Bastrop FCI, his request for injunctive relief is moot. See, e.g., Herman v. Holiday, 238 F.3d 660, 665 (5th Cir. 2001).

Frasier also complains on appeal about his current incarceration at Allenwood FCI. Frasier contends that the BOP housed an inmate from Bastrop FCI in the same unit as Frasier at Allenwood FCI. The inmate allegedly was a member of one of the gangs that Frasier helped investigate while at Bastrop FCI. However, Frasier has failed to cite any specific threat to him from the other inmate at Allenwood FCI. Defendants' knowledge that Fraiser acted as an informant is insufficient to prove that they have knowledge of a substantial risk to Frasier's safety. Longoria v. Texas, 473 F.3d 586, 594-95 (5th Cir. 2006). In addition, none of the named Defendants appear to have any control over the conditions of Frasier's confinement at Allenwood FCI.

Because Frasier has not established that any of the named Defendants have acted with deliberate indifference to a known, substantial risk to his safety,

5

Frasier has failed to state a constitutional claim. Accordingly, Defendants were entitled to summary judgment on their claim of qualified immunity.

## III. CONCLUSION

We DENY as moot Frasier's motion to expedite the appeal, and we AFFIRM the district court's judgment.