**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 11, 2009

Charles R. Fulbruge III
Clerk

No. 08-10262
Summary Calendar

SCOTT E MOORMAN

Plaintiff-Appellant

v.

JOHN C JOWERS; NUNN; GREGORY A HARRISON; THERESA HENDRICK;
CARLOS VERA; MARY MILLER; DORA SHIPP; KATHY SKINNER; JOE A
GRIMES; GAUDALUPE JURADO; JIMMY BAGBY; DALE R DEDRICK;
LESLIE K WELLS; WILLIAM GING; DAVID PRICE; DALE G FAIRCHILD;
BRIAN J CLARK; ALAN WILSON; ELIZABETH BURNS

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:07-CV-140

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Scott E. Moorman, Texas prisoner # 327969, appeals the district court's dismissal as frivolous and for failure to state a claim of his 42 U.S.C. § 1983 civil rights complaint. Moorman asserted that defendants failed to protect him from an assault by another prisoner, retaliated against him for his attempts to access

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the court system and file grievances, and conspired to violate his due process rights. Moorman sought compensatory damages, punitive damages, injunctive relief, and a declaratory judgment.

We review the dismissal of a complaint under 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous for abuse of discretion, *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005), and we review the dismissal of a complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim under the same de novo standard of review applicable to dismissals made pursuant to FED. R. CIV. P. 12(b)(6). *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999); *see also In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (de novo review of dismissal for failure to state a claim using revised Rule 12(b)(6) standard). Because the district court referred to both sections of the statute when it dismissed Moorman's complaint, review is de novo. *See Geiger*, 404 F.3d at 373.

Moorman argues that the district court erred in dismissing his complaint. Moorman asserts that he sufficiently alleged that prison officials repeatedly denied his requests for protection, and that he was attacked by another inmate as a result of the defendants' deliberate indifference to his safety. Moorman specifically contends that the district court wrongly dismissed his claims against Mary Miller, Kathy Skinner, John Jowers, William Ging, Alan Wilson, Elizabeth Burns, Warden Nunn, Jimmy Bagby, Guadalupe Jurado, and Dora Shipp. To the extent that Moorman raised claims in his complaint against other defendants, he has abandoned those claims by failing to raise them on appeal. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993) (even pro se litigants must brief arguments in order to preserve them).

To establish his failure-to-protect claim, Moorman must show that he was "incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Moorman has failed to show that the defendants had

the requisite knowledge that a substantial risk of serious harm existed prior to the incident at issue in his complaint. Moreover, to the extent that he argues that the defendants were deliberately indifferent to his safety after this incident, he has not alleged that he suffered any subsequent injury giving rise to a failure-to-protect claim. *See Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999).

Moorman also reasserts his claims that he was retaliated against for his general use of the court system and filing of unspecified grievances, and that the defendants conspired to violate his due process rights. However, Moorman merely recites his vague and conclusory allegations of retaliation and conspiracy and fails to identify any error in the district court's analysis of these claims. Accordingly, Moorman has not demonstrated that the district court erred in holding that these claims did not allege grounds upon which relief could be granted. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Moorman's remaining claims against the defendants do not give rise to § 1983 causes of action because they do not implicate constitutional matters or allege violations of internal prison regulations. *See Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005); *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986).

Moorman additionally argues that the district court improperly dismissed his complaint without first issuing a questionnaire or ordering a *Spears* hearing. Moorman asserts that the court therefore failed to properly develop the factual basis of his allegations and prematurely concluded that his claims lacked merit. However, given that Moorman's claims are based upon legally inarguable positions, his complaint may be properly dismissed without a hearing or a questionnaire. *See* 28 U.S.C. § 1915(e)(2); *cf. Eason v, Thaler*, 14 F.3d 8, 9-10 (5th Cir. 1994). Moreover, the record demonstrates that Moorman was afforded the opportunity to "plead his best case." *See Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986).

This court's affirmance of the district court's dismissal of Moorman's § 1983 complaint as frivolous or for failure to state a claim counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Moorman is warned that if he accumulates two more strikes, he will no longer be allowed to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.