# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 23, 2010

No. 09-41191
Summary Calendar

Lyle W. Cayce
Clerk

JOE A. COOK,

Plaintiff-Appellant

v.

MCCONNELL UNIT; AURELIO AMBRIZ; MATT BARBER; ERNEST H. GUTIERREZ, JR.; OSCAR MENDOZA; EXECUTIVE DIRECTOR BRAD LIVINGSTON,

Defendants-Appellees

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 2:08-CV-379

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Joe A. Cook, Texas prisoner # 1427038, appeals the dismissal of his in forma pauperis 42 U.S.C. § 1983 complaint for failure to protect as frivolous and for failure to state a claim upon which relief can be granted. Cook filed suit against various prison officials and Texas Department of Criminal Justice (TDCJ) officials. He alleged that he had been threatened by members of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Aryan Brotherhood and that the defendants failed to provide the requisite protection. Cook also filed numerous motions for injunction relief, requesting that he be placed in federal protective custody or not be placed in the general prison population.

The magistrate judge (MJ) recommended dismissing Cook's claims against two prison officials because he had not shown that they were "indifferent to his safety" or that he was "incarcerated under conditions posing a substantial risk of serious harm," as required to state a claim for failure to protect under the Eighth Amendment. *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995). The MJ recommended dismissing Cook's claims against the warden and the TDCJ officials because he had not established that they had any personal involvement in his classification or placement. The MJ recommended denying Cook's motions for injunctive relief.

Cook filed timely objections to the MJ's recommendations; however, in adopting the MJ's recommendations, the district court incorrectly noted that Cook had not filed objections, dismissed his suit, and denied injunctive relief. Cook then filed two motions to "reinstate" his case. After Cook filed his brief in this court, the district court granted his motions to reconsider. However, after a de novo review, the district court denied his motion to reinstate his case.

Cook's liberally construed brief, *see Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995), raises three arguments: (1) that simply because he filed timely objections to the MJ's recommendation, his case should proceed to trial; (2) that he stated a claim for failure to protect; and (3) that the district court should have considered his objections to the MJ's recommendation before dismissing his complaint.

This court reviews dismissals for failure to state a claim under § 1915(e)(2)(B) de novo, using the same standard applicable to dismissals pursuant to FED. R. CIV. P. 12(b)(6). *See Black v. Warren*, 134 F.3d 732, 733-34

(5th Cir. 1998). This court reviews dismissals under § 1915A de novo as well. *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998).

Cook's first argument is without merit because the district court dismissed his complaint because there was no clear error in the MJ's recommendation, not solely because he failed to file objections. Cook's second argument is likewise without merit because he has failed to show that he was "incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." *Neals*, 59 F.3d at 533. Cook has also failed to show personal involvement on the part of the warden and the TDCJ officials. *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). Cook's third argument is unavailing because the district court considered his objections when granting his motions to reconsider and denying his motion to reinstate his case; thus, any error in failing to consider his objections is harmless. *See Smith v. Collins*, 964 F.2d 483, 485 (5th Cir. 1992). Finally, Cook has not shown that the district court abused its discretion in denying injunctive relief. *Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008).

AFFIRMED