# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 26, 2010

Lyle W. Cayce
Clerk

No. 09-40947
Summary Calendar

JASON WEATHERS,

Plaintiff-Appellant

v.

RUTH CANO,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:08-CV-54

Before KING, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jason Weathers, Texas prisoner # 1358550, appeals the district court's grant of summary judgment in favor of defendant Ruth Cano, denial of Weathers's motion for judgment, and dismissal of Weathers's 42 U.S.C. § 1983 complaint. Weathers's complaint alleged that on June 7, 2007, he was involved in a physical altercation with another inmate, Larry Burr. Both Burr and Weathers were seen throwing punches at each other. Following the altercation,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

both Burr and Weathers signed a document stating that they were not in fear of safety and did not require protection.

Four days later, on June 11, 2007, Weathers and Burr were placed in the same holding cell in G-Building while awaiting an appearance before the Unit Classification Committee. Although Weathers did not allege that another physical altercation occurred, he contended that a female guard, identified as Jane Doe in his original complaint, violated his constitutional rights by failing to protect him from Burr. Weathers informed the guard of the previous altercation and stated that he did not want to be placed in the same cell. The guard ignored his complaint and placed him in the cell, after which she left the area.

Weathers was unaware of the identity of the female guard at the time he filed suit, but subsequently identified Ruth Cano as the defendant. The identification process involved two photographs provided by the Assistant Attorney General, working with prison personnel to determine who might have been on duty on the day in question that matched Weathers's description. The photographs were presented to Weathers, and from them he selected Cano as the female guard. Cano moved for summary judgment, arguing that she was not personally involved in the incident. She submitted her affidavit and a personal calendar indicating that she was not working in the G-Building on June 11, 2007. Based on Cano's evidence and the lack of countervailing evidence from Weathers, the district court granted Cano's summary judgment motion, finding that she was not personally involved. The district court alternatively found that, if she had been involved, Cano was entitled to qualified immunity.

The district court did not err in granting summary judgment in favor of Cano. She presented evidence that she was not personally involved and showed there was no genuine issue as to identity. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). Weathers did not present any rebuttal evidence or challenge her assertion that she was not working in the G-building

on June 11, 2007. Weathers failed to set forth specific facts showing the existence of a genuine issue for trial. *See id.*; FED. R. CIV. P. 56(e).

Moreover, if Cano had been involved, she was entitled to qualified immunity. Weathers did not show that she violated his constitutional rights. *See Lytle v. Bexar County, Tex.*, 560 F.3d 404, 410 (5th Cir. 2009). There was no indication of a substantial risk of harm. *See Adames v. Perez*, 331 F.3d 508, 512 (5th Cir. 2003); *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995). Weathers had signed a form indicating that he did not fear his safety and did not require protection.

Weathers contends that the district court erred in failing to grant his motion for default judgment. He argues that Cano failed to submit a timely joint pretrial order in accordance with the district court's order establishing deadlines and that Cano's failure to oppose his motion to amend his complaint entitled him to a default judgment. Weathers's argument is without factual or legal support. Cano was under no obligation to submit a joint pretrial order because she timely filed a dispositive motion in accordance with the order setting deadlines. Additionally, the failure to oppose a motion to amend his complaint to include additional requests for relief does not equate with a failure to answer the complaint.

Weathers also argues that the district court erred in denying his motion for the appointment of counsel. The issues in this case were not complex. Weathers demonstrated an ability to present and investigate his case. The evidence submitted was not complex. Thus, the district court did not abuse its discretion in denying Weathers's motion for the appointment of counsel. *See Baranowski v. Hart,* 486 F.3d 112, 126 (5th Cir. 2007); *Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir. 1982).

The judgment of the district court is AFFIRMED.