# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-50239
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 5, 2018

Lyle W. Cayce
Clerk

CHARLES DAVID BROOKS,

Plaintiff-Appellant

v.

JOHN R. KELLY,

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:13-CV-353

Before REAVLEY, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Charles David Brooks, Texas prisoner # 1043239, filed a 42 U.S.C. § 1983 complaint alleging that defendant-guard John R. Kelly repeatedly kicked the "bean-slot" of Brooks's cell and injured his left arm. Brooks also alleged that other prison officials violated prison policy, failed to stop Kelly, engaged in a conspiracy to cover up Kelly's wrongdoing, or were deliberately indifferent. The district court dismissed the official capacity claims for lack of subject-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). It dismissed the other claims against most defendants for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). The district court later granted Kelly's motion for summary judgment.

As an initial matter, Brooks has waived a number of his claims by failing to brief them, including his claims against the defendants in their official capacities, his claims that the defendants violated prison policies, and his claims that the defendants engaged in a conspiracy to cover up Kelly's conduct. *See Brinkmann v. Dallas Cty. Deputy Sheriff Abner,* 813 F.2d 744, 748 (5th Cir. 1987); *Yohey v. Collins,* 985 F.2d 222, 225 (5th Cir. 1993).

Brooks briefly argues that the district court erred by dismissing his claims against two defendants for failing to stop Kelly. With the benefit of liberal construction, *see Haines v. Kerner,* 404 U.S. 519, 520 (1972), we view this as a failure-to-protect claim. However, Brooks failed to allege sufficient facts to show that he was "incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." *Neals v. Norwood,* 59 F.3d 530, 533 (5th Cir. 1995).

Turning to the grant of summary judgment for Kelly, we first conclude that Brooks's failure to object to the magistrate judge's report limits our review to plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds,* 28 U.S.C. § 636(b)(1). To show plain error, Brooks must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States,* 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

No. 17-50239

"When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris,* 550 U.S. 372, 380-81 (2007). In granting summary judgment, the district court focused on whether the alleged wrongdoing was objectively harmful enough to constitute a constitutional violation, found that Brooks had provided only conclusory allegations and unsupported assertions to establish an injury, and found that his allegations were blatantly contradicted by prison medical records. On appeal, Brooks repeats his otherwise unsupported assertions that he suffered severe bruising, a swollen finger, and constant pain. His only direct response to the submitted medical records is to argue that the failure to document his injuries is "on the medical department." We conclude that Brooks has not shown that the district court plainly erred in finding that he failed to establish an injury harmful enough to constitute a constitutional violation or that the district court plainly erred in granting summary judgment for Kelly.

AFFIRMED.