# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60153
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 26, 2019

Lyle W. Cayce
Clerk

OMAR KHAYYAM HUMPHREY,

Plaintiff-Appellant

v.

JACQUELYN BANKS, Superintendent South Mississippi Correctional Institution; PELICIA HALL, COMMISSIONER, MISSISSIPPI DEPARTMENT OF CORRECTIONS, Commissioner Mississippi Department of Corrections; MARSHALL TURNER, Warden at South Mississippi Correctional Institution; JAMES COOKSEY, Internal Affairs Coordinator at South Mississippi Correctional Institution,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:15-CV-424

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Omar Khayyam Humphrey, Mississippi prisoner # R3755, appeals the dismissal of his 42 U.S.C. § 1983 complaint that raised allegations of deliberate indifference to his safety. On appeal, Humphrey reiterates that prison officials

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60153

subjected him to an unreasonable risk of harm and acted with deliberate indifference by assigning him to a prison unit that houses gang-affiliated inmates.  Humphrey also challenges the denial of his motion for preliminary injunction, motion to supplement, and motion for transfer to a different prison.

We conclude that Humphrey has not shown that the district court erred by granting the defendants' motion for summary judgment on his failure-to-protect claim because he put forward no evidence that he suffered an actual physical injury resulting from prison officials' purported failure to protect him. *See Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999); *see also* FED. R. CIV. P. 56(a).  Likewise, Humphrey shows no error in the district court's decision to grant summary judgment on his request for injunctive relief insofar as he points to no evidence to support a finding of a likelihood of future harm.  *See Geiger v. Jowers,* 404 F.3d 371, 375 (5th Cir. 2005).  Further, Humphrey has not shown that the district court erred by dismissing for failure to state a claim his claim that prison officials violated an internal policy by assigning him to a unit that housed gang-affiliated inmates.  Violations of prison rules or regulations, without more, do not give rise to a cause of action.  *See Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986).  Moreover, "[a] prison inmate does not have a protectable liberty or property interest in his custodial classification" and does not have a constitutional right to be housed in a particular facility.  *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995); *see Olim v. Wakinekona*, 461 U.S. 238, 244-45 (1983).  Finally, because Humphrey failed to allege that prison officials treated affiliated and non-affiliated prisoners differently, the district court properly concluded that Humphrey failed to state an equal protection claim based on his housing classification.  *See Muhammad v. Lynaugh*, 966 F.2d 901, 903 (5th Cir. 1992).

No. 17-60153

The district court did not abuse its discretion in denying the motion for a preliminary injunction as Humphrey did not make, at the very least, a showing of a "substantial likelihood of success on the merits" or a "substantial threat of irreparable injury if the injunction is not issued." *Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009); *see Women's Med. Ctr. v. Bell*, 248 F.3d 411, 419 (5th Cir. 2001). Likewise, Humphrey establishes no error in connection with the denial of the motion to supplement or motion to transfer.

Because only some of Humphrey's claims were dismissed for failure to state a claim, the district court erroneously imposed a strike pursuant to 28 U.S.C. § 1915(g); that strike is therefore vacated. *See Brown v. Megg*, 857 F.3d 287, 290-91 (5th Cir. 2017). However, Humphrey had accumulated two prior strikes before bringing this action. *See Humphrey v. Murry*, No. 4:10-cv-132 (N.D. Miss. Dec. 1, 2010) (imposing strike based on dismissal of complaint as frivolous and for failure to state a claim); *Humphrey v. Miss. Dep't of Corr.*, No. 4:10-cv-81 (N.D. Miss. Nov. 29, 2010) (dismissing complaint for failure to state a claim). Thus, Humphrey is WARNED that if he accumulates a third strike, he may not proceed IFP in any civil action or appeal while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury. See § 1915(g).

The district court's judgment is AFFIRMED; the motion to file reply brief out of time is GRANTED; the imposition of a strike against Humphrey pursuant to § 1915(g) is VACATED.