# United States Court of Appeals
# for the Fifth Circuit

--------

No. 23-10330
Summary Calendar

--------

United States Court of Appeals
Fifth Circuit

**FILED**
September 6, 2023

Lyle W. Cayce
Clerk

Jacob James Kelly,

*Plaintiff—Appellant*,

*versus*

Olivia Caudillo; David Dyer; Cody Parker; Charles Miller, III; FNU LNU, *One Unknown OIG Investigator*; FNU Vasquez, *Captain*; FNU Garces; Eight Unknown TDCJ-CID Officers,

*Defendants—Appellees*.

--------

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:21-CV-175

--------

Before Jones, Southwick, and Ho, *Circuit Judges*.

Per Curiam:[*]

Jacob James Kelly, Texas prisoner # 118728, filed a 42 U.S.C. § 1983 suit naming fifteen defendants, all employees of the Texas Department of Criminal Justice (TDCJ) Preston E. Smith Unit. These defendants included

--------

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-10330

(1) Lieutenant Olivia Caudillo; (2) Major David Dyer; (3) Assistant Warden Cody Parker; (4) Lieutenant Charles Miller; (5) Unknown Office of the Inspector General (OIG) Investigator; (6) Captain FNU Vasquez; (7) Property Officer FNU Garces; and (8) Eight Unknown Correctional Officers. Kelly seeks monetary damages as well as injunctive relief. The district court dismissed most of Kelly's claims under 28 U.S.C. § 1915(e)(2)(B)(ii), issuing a final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. The court did, however, stay his claim against Miller and ordered that his claim against Vazquez proceed. Kelly filed a timely notice of appeal. He also moves this court for the appointment of counsel on appeal.

Because the district court dismissed some of Kelly's § 1983 claims for failure to state a claim under § 1915(e)(2)(B)(ii), we review that ruling under the same de novo standard that applies to a dismissal under Federal Rule of Civil Procedure 12(b)(6). *See Black v. Warren*, 134 F.3d 732, 733–34 (5th Cir. 1998). "We accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff." *Whitley v. Hanna*, 726 F.3d 631, 637 (5th Cir. 2013). Nonetheless, a complaint will not proceed unless it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

Many of Kelly's claims center around the argument that prison officials failed to protect him. To state a viable constitutional claim for failure to protect, a plaintiff must show: (1) he was subjected to conditions posing a substantial risk of serious harm; and (2) prison officials were deliberately indifferent to his need for protection. *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995).

Kelly first argues that three unknown prison guards failed to protect him from his cellmate. However, Kelly did not allege facts supporting his claim that the guards acted with deliberate indifference to a known substantial risk of harm. *See Neals*, 59 F.3d at 533. His claim that the guards discriminated against him when one guard told him to "man up" is unpersuasive because he offers only conclusory beliefs in support of his claim. *See Priester v. Lowndes Cnty.*, 354 F.3d 414, 420, 423 (5th Cir. 2004). Regarding his failure to protect claim against Caudillo, Kelly does not allege any physical injury as a result of her order that he be housed with his alleged extorter. Accordingly, this claim is unavailing. *See Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999). He likewise fails to state a claim that Caudillo is liable for Miller's alleged excessive force under a supervisory liability theory. *See Goodman v. Harris Cnty.*, 571 F.3d 388, 395 (5th Cir. 2009); *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987).

The district court did not err when it stayed Kelly's excessive force claim against Miller. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Moreover, Kelly's claim that Assistant Warden Parker, Major Dyer, and the unknown OIG investigator failed to investigate his claims adequately fails because a prisoner "does not have a federally protected liberty interest in having . . . grievances resolved to his satisfaction." *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). Concerning his claim against Garces and five unknown officers, he has waived it because he has failed to substantively brief his argument. *Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993). Finally, the appointment of counsel on appeal is not warranted. *See Ulmer v. Chancellor*, 691 F.2d 209, 212, 213 (5th Cir. 1982).

Accordingly, the judgment of the district court is AFFIRMED. Kelly's motion for the appointment of counsel is DENIED.