# United States Court of Appeals
# for the Fifth Circuit

---

No. 24-50966
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

July 25, 2025

Lyle W. Cayce
Clerk

Jimmy Jackson,

*Plaintiff—Appellant*,

*versus*

Gene Miller, *Senior Warden, Texas Department of Criminal Justice Hughes Unit*; Annette Martinez, *Assistant Warden, Texas Department of Criminal Justice Hughes Unit*; A. Johnson, *Sergeant, Texas Department of Criminal Justice Hughes Unit*; FNU Foley, *Sergeant, Texas Department of Criminal Justice Hughes Unit*; A Gerfen, *Unit Grievance Investigator II, Texas Department of Criminal Justice Hughes Unit*; Jodi Sawyer, *Unit Grievance Investigator II, Texas Department of Criminal Justice Hughes Unit*,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:24-CV-464

---

Before Higginbotham, Jones, and Oldham, *Circuit Judges*.

Per Curiam:[*]

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Jimmy Jackson, Texas prisoner # 1306197, appeals the dismissal of his 42 U.S.C. § 1983 action for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). We review that dismissal de novo. *See Butler v. S. Porter*, 999 F.3d 287, 292 (5th Cir. 2021).

According to Jackson, he has sufficiently stated a claim that the defendant prison officials failed to protect him after he was stabbed by another inmate. Specifically, he asserts that the defendants endangered him following the attack by keeping him for a two-month period in the general population where his attacker had also been placed.

Jackson's allegations establish that he was placed in a single cell for his safety pending a transfer to a different unit and he was transferred. Although the transfer did not occur for two months, Jackson's allegations do not rise to the level of deliberate indifference required to state a failure-to-protect claim under § 1983. *See Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995).

For the first time, Jackson contends that Sergeant Foley failed to protect him from the attack itself by violating a policy requiring her to supervise Jackson while he handed out the meals to the inmates. Even if we were to consider this newly raised argument on plain error review, *see Crawford v. Falcon Drilling Co., Inc.*, 131 F.3d 1120, 1123 (5th Cir. 1997), Foley's purported deviation from a policy is insufficient to support a failure-to-protect claim. *See Longoria v. Texas*, 473 F.3d 586, 593 n.9 (5th Cir. 2006). Thus, Jackson has not shown any plain, i.e., clear or obvious, error. *See Crawford*, 131 F.3d at 1125.

Jackson further contends that he has sufficiently stated a claim relating to the medical treatment he received following his stabbing. To the extent that Jackson is claiming that Foley was deliberately indifferent to his medical needs based on Foley's delay in taking him to get medical treatment, Jackson has failed to state a claim because he has not pleaded any facts showing that

the delay itself resulted in substantial harm. *See Petzhold v. Rostallan*, 946 F.3d 242, 249 (5th Cir. 2019). As for Jackson's claim that the treatment he did receive was inadequate, he did not name as a defendant any prison official he contends was responsible for the denial. Thus, he failed to state a claim regarding inadequate medical treatment. *See Petzhold*, 946 F.3d at 249.

To the extent that Jackson separately complained that Unit Grievance Investigators improperly resolved his grievances, a prisoner has no federally protected liberty interest in having his grievances resolved to his satisfaction. *See Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). Therefore, the district court did not err in dismissing that claim.

Jackson also has filed two motions to present new evidence regarding his claims against Senior Warden Gene Miller. Liberally construed, those motions can be characterized as motions to amend the complaint to include additional information to support the allegations concerning Senior Warden Miller. His proffered amendment, however, does not go beyond a conclusory and vague allegation that a disciplinary report and a grievance operations manual show that the "administration is aware," without specifying what that awareness concerns. We deny those motions. *See Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 208-09 (5th Cir. 2009).

Jackson's motion for appointment of counsel is denied. *See Cooper v. Sheriff, Lubbock Cnty., Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991). His motion for discovery of "sensitive documents" concerning Senior Warden Miller and Jackson's motion for copies of his own filings in this court are denied as moot.

Given the foregoing, the judgment of the district court is AFFIRMED. Jackson's motions for appointment of counsel and to present new evidence are DENIED, and his motions for discovery of "sensitive documents" and for copies of his filings are DENIED AS MOOT.